O'Daniel  v.  O'Daniel.

CASE 31—PETITION  EQUITY.—JANUARY 29.

# O'Daniel v. O'Daniel.

APPEAL .FROM MARION CIRCUIT COURT.

1. PASSWAYS—ADVERSE POSSESSION.—In this action to enjoin the defend-
ant from obstructing a passway over his land, it appears that the
plaintiff and his vendors have used this way for more than fifty years,
with only such changes as may have been necessary from time to
time, by reason of high water, and that it has been, during all this
time, the only direct passway from plaintiff's land to the county seat,
and is now his only outlet. *Held*—That the use of this passway
being indispensable to the enjoyment of the plaintiff's premises, and
having been used from time immemorial, the grant to the use should
be implied. It was not necessary for the plaintiff to show by positive
testimony that he had claimed this use as a matter of right, and so
proclaimed to his neighbors, the burden being on the defendant after
such a long use of his premises to show that the use was merely per-
missive. Nor is the plaintiff estopped by reason of the fact that he
has closed up other ways, which lead in other directions. Nor is a
proceeding in the county court, by which an effort was made to con-
demn this route for a passway, a bar to this action, the proceeding
having been dismissed without prejudice before judgment.
2. SAME.—Under our statute of limitations the continued use of a pass-
way over another's land for fifteen years, unexplained, creates the
presumption that the use or claim was adverse.

SAMUEL AVRITT FOR APPELLANT.

The use of a way as a private passway for the statutory period of
fifteen years, gives the user the right to it by limitation, and to defeat
the claim, the owner must show that the use was permissive only.
(Butt. v. Napier, 14 Bush, 39; Hall v. McLeod, 2 Met., 987; Ber-
tram Case, 4 Bush, 219; Waits' Actions and Defenses, vol. 2, pp. 685,
692, 699.)

J. R. THOMAS AND LEWIS EDELIN FOR APPELLEE.

To entitle one to a private passway, the use must be open, notorious
and hostile. Permissive use confers no right. (Wilkins v. Barner,
79 Ky., 323; Hall v. McLeod, 2 Met. 98; Maurice v. Myers, 4 B. M.,
514; Bowman v. Wickliffe, 15 B. M., 99; Wiley v. Golay, 9 Ky.
Law Rep., 195.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This controversy between the appellant and the appellee, arises from the use, by the appellant and those under whom he claims, of a private passway ; the appellant alleging that its use has been obstructed by the appellee by placing logs and constructing water-gaps across the way that prevents travel upon it. The chancellor is asked to have the obstruction removed that the appellant may exercise his right of passage over it. It is alleged that this passway has been used by the public and by the owners of the farm on which the appellant resides, under a claim of right, for more than half a century; that the use has been constant and continued by the vendors of the appellant and the appellant during that entire period, and is the only way from the farm of the plaintiff to the public highways and turnpikes leading to his county seat. That this private way is appurtenant to his farm, and was at no time obstructed until the wrongful act of the plaintiff complained of, which occurred shortly before the bringing of this suit.

The appellee admits the use, but insists that it was only permissive ; that the passway used was up Hardin's creek, and in building fences on either side of the creek, the owners of the land could not erect them near the water's edge, on account of high water, and this left a space of from fifty to one hundred yards between the fences on each side, and this space had been used by the public for many years, not under a claim of right, but by mere permission, the road being changed from time to time in the space mentioned, by the change in the channel of the creek or by reason

of high water.   It is further alleged that the plaintiff
(appellant) is estopped from asserting any right, as he
applied to the County Court of Marion to condemn
this route as a private passway, and was defeated.
That his vendors, who lived on the land and from
whom he derived title, had caused other passways to
be closed up that were appurtenant to the premises,
and having done so, the appellant having had posses-
sion of this land for a period of less than fifteen years,
can not now assert his claim ; that he advised the
vendor of the appellee to close up the passway, and
stood by when these water-gaps were made without
making any objection.

   A man by the name of Beauchamp owned the land
of which both the tracts owned by the appellee and
appellant are composed, and when he owned it, which
was in the year 1820, this passway was used by the
public and by himself, as a passway to the county seat.
Mills, Hayden and Thompson, who were near eighty-
six years of age when they testified, say that this
way in dispute was located on or near the branch
when they were boys, and the land fenced on either
side ; that it was used as a passway from this land
and by the neighborhood before Marion county was
formed.   Beauchamp sold this land in the year 1820,
to William Russell and William Mudd, Russell pur-
chasing the one tract and Mudd the other.   The two
farms adjoin and border on the creek, and divers wit-
nesses, all of whom are uncontradicted, say that this
passway has been used by these farms during the en-
tire period ; some of them, being old men, state that its
use extends as far back as they can recollect, and has

remained uninterrupted except the slight changes that would now and then be made by reason of the high water. Fences were all the time on either side of the creek, at least for thirty years, and the constant use of the passway is not in fact controverted. It does appear that a passway from the farm of appellant, leading down a branch called Meat House branch, to the Leb- anon and St. Mary's road, was stopped up by the consent of the owner of the land upon which appel- lant now lives, prior to appellant's purchase; but this outlet, while it led to the county road, was not in the direction of Lebanon, but was a convenient outlet when going in the opposite direction. The closing of this passway is no evidence of the abandonment of the way up Hardin's creek; nor was the closing of the lane, through which a wagon could not pass, leading in the direction of the Cecil pike, an estoppel. It plainly appears that the passway on the creek, bor- dering on the land owned by the appellant and the appellee, was the only direct passway from appellant's farm to his county seat, and had been for half a cen- tury. It also appears that when the present passway was closed by the appellee, it left the appellant with no outlet whatever from his home to the county road, and if constant use for so long a period can give a claim of right, such as is urged here as belonging to the plaintiff, it seems to us this passway should be opened. The proceeding in the county court, by which an effort was made to condemn this route for a pass- way, is no bar to this action, because the proceeding before judgment was dismissed without prejudice, the appellant preferring to seek his remedy in a court

O'Daniel v. O'Daniel.

of equity. There never was any abandonment of the use, or act done by the appellant that could estop him from asserting this right.

It is argued that there was never any assertion of right by those who traveled over this passway, but such as consisted in its use, and it must, therefore, be presumed the use was merely permissive. We can not concur in such a conclusion. When appellant purchased this land, the passway from the farm to the county seat was plain and unmistakable, and when appellee purchased his farm, it was equally as manifest, and there was no reason for inquiring as to the duration of the time the passway had been used. It was the only passway, and while its use for a less time than fifteen years conferred no right, the appellant could, at his peril, rely upon its use for so long a period as to make it appurtenant to his farm and as vesting in him the right of way.

At common law the long enjoyment of an easement gave the right to the easement, and the use continuing uninterrupted for twenty years or longer, when unexplained, created the presumption that the claim or use was adverse. Under our statute of limitation, the continued use for fifteen years unexplained would create the presumption as to the right, and in this case the use for more than half a century certainly establishes the right to the passway ; and it was not necessary to show, by positive testimony, that the appellant had claimed this use as a matter of right, and so proclaimed to his neighbors. The burden was, in fact, on the defendant (appellee) after such a long use of his premises, to show that the use was merely permissive.

The case of Bowman v. Wickliffe, reported in 15 B. M., 84, is relied on by counsel for the appellee. In that case the passway was through uninclosed wood-land, and in this same woods divers other passways ran that had been changed and stopped from time to time by the owner at his pleasure. Besides, says the court, "it is perfectly evident that the use of this passway was at no time, or until within a few years past, claimed as a right, but was regarded by all parties as a mere privilege allowed by the owners of the land, which they had a right to withdraw at pleasure."

The necessity for this passway from the farm of the appellant, and its constant use for so long a time by its occupants, undisturbed until a few years since, is convincing that the appellant and his vendors claimed the right to use this passway as their own even against the wishes of the appellee. It followed the land and was indispensable as an outlet to the enjoyment of the premises, and having been used from time immemorial, the grant to the use should be implied.

The judgment below is reversed and remanded with directions to require the appellee to remove the obstructions, and for proceedings consistent with this opinion. (Thomas v. Bertram, 4 Bush, 317.)