CASE 78—PETITION EQUITY—APRIL 7.

# Talbott v. Thorn.

*APPEAL FROM BOURBON COURT OF COMMON PLEAS.*

VERBAL GRANT OF PASSWAY—ADVERSE USE.—While a verbal grant of a passway is within the statute of frauds, and therefore not enforceable, the use of the way by the grantee under such a grant for fifteen years raises the presumption that the use was as a matter of right, and the burden is on the grantor to show that notwithstanding the grant the user was permissive only; and the fact that the grantee has deviated from the way granted is not sufficient to show that the use was permissive only, as the deviation was merely for the purpose of avoiding defects in the way.

J. H. BRENT FOR APPELLANT.

1. The demurrer admitting that there was a verbal promise by Talbott to open for Thorn a passway over his land for his use, and that the Thorns commenced passing over the land, relying on this promise, it is clear that the way being open as a private passway, so far as the intention of the owner was concerned, it can not be converted into a public highway by any length of user. (Hall v. McLeod, 2 Met., 105; Day v. Allender, 22 Md., 529.)

2. A court of equity has no jurisdiction where the establishment of a way is claimed as a necessity. (Hall v. McLeod, 2 Met., 105.)

3. Even admitting that the user alleged was such as would, under other circumstances, have ripened into presumptive grant, yet the changes in the location and direction of the road on which defendants started out were so numerous and of such a nature that it was simply impossible for any prescriptive right to a defined and located passway to mature. (Bowman v. Wickliffe, 15 B. M., pages 99, 100; Jennison v. Walker, 11 Gray, 426.)

3. A passway, being an interest in land, is within the statute of frauds, and can only pass by writing.

4. When unauthorized changes are made, no matter by whom they are made, if they are such as to be legally cognizable, the incipient title to the road as it was before the change is destroyed.

LOCKHART & LYNG, C. T. HANSON OF COUNSEL ON SAME SIDE.

McMILLAN & TALBOTT FOR APPELLEE.

1. Such changes as were made in the road in question in this case can not be construed as evidencing a permissive way. . (O'Daniel v. O'Daniel, 88 Ky., 185; Hall v. McLeod, 2 Met., 98.)

2. Under our statute of limitations the continued use of a passway over another's lands for fifteen years, unexplained, creates the presumption that the use or claim was adverse.  (O'Daniel v. O'Daniel, 88 Ky., 185; Wilkins v. Barnes, 79 Ky., 323.)

3. While a parol agreement to give a passway can not be enforced, yet the use of a passway in pursuance of such an agreement is a use of it under a claim of right—an adverse use.  (Hall v. McLeod, 2 Met., 104.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant sued the appellees for trespassing upon a piece of woodland belonging to the appellant, which consisted of traveling across the same, &c. The appellees pleaded that they had the right of private passway across said woodland, and travel complained of was pursuant to that right, consequently they were not trespassers.

The weight of the evidence establishes the following facts.  The appellant in 1867 obtained an order from the Bourbon County Court to discontinue a part of the "Gregory Precinct Dirt Road," which is in shape of three sides of a square, and leads into the "Mt. Gilead and Steel's Ford Turnpike Road," and which dirt road was the appellee's father's outlet to said pike, &c., and open and construct instead a road leading across the appellant's woodland from a point designated on the map filed in this action, as "No. 3," and running to a point in said pike designated on said map as "No. 2;" that the appellant was to open and construct said road at his own expense, and he was authorized to erect and maintain gates at said points and other places, which gates he erected and maintained, but never opened and constructed said road until after this suit was brought

in 1888; also the appellee's father, who owned adjoining land, and used the Gregory Precinct Road, opposed the discontinuance of a part of it, and the opening of the new road, as it affected his convenience; and in order to quiet and remove the opposition, the appellant verbally agreed with said Thorn that he and his family should have a right of passway from a point in said Gregory road, designated on the map as "No. 4," across the appellant's woodland to the point 2 at said turnpike. And pursuant to said agreement, gates were erected at points Nos. 4 and 2 as the termini of said right of way, which way, between said termini, the appellees, pursuant to said agreement, have used ever since, a period of nineteen years.

The appellant contends that as the agreement was verbal, it was not a valid grant of a right of private passway; hence, the appellee's right to it was permissive only, which could, at any time, be terminated by the appellant, and his having withdrawn the permission, the appellees were thereafter trespassers.

It is true that a private passway is an interest in land, and a verbal conveyance of such way is not enforceable, because of the statute of frauds, but where the grantee of such way has used it for fifteen years, the agreement may be used to rebut the idea of such use being permissive, and as establishing it as a right. Indeed, the user, pursuant to the agreement for fifteen years, is equivalent to a written conveyance of the right; and from the fact of the verbal agreement, and the user for fifteen years, the presumption arises that the user was as a matter of

right, and the burden is upon the vendor to rebut
this presumption, and to show that the user was,
notwithstanding the grant, permissive only, which
the appellant has failed to do in this case ; therefore,
we must regard the appellees' right to the private
passway as perfected by time.

But it is said that the case of Bowman v. Wickliffe,
15 B. M., 84, in the facts, is like this case.   In that
case the pathway ran through uninclosed woodland,
and in the same woodland many roads or passways
had been opened, changed and stopped at the pleasure
of the owner of the land, none of which were claimed
as a right until within a few years before the suit
was instituted ; but the use of the passway was re-
garded by all parties as being permissive only, which
the owners of the land had the right to withdraw at
pleasure, although the permission and constant use
under it had continued for an indefinite number
of years.   But the court in that case clearly im-
pliedly announced that had the passway been used
as a matter of right, not merely permissive, for fifteen
years, such user would have invested the parties with
the legal right to continue the use of the same as a
passway.   But here, as said, the appellee used the
passway as a right expressly given for a period of
about nineteen years.   In this case we are not re-
quired to indulge in the presumption of right that
ordinarily arises from the fact of uninterrupted user
for said period ; but the weight of evidence is that
the right was expressly given and enjoyed for nine-
teen years.   But it is said that the appellees did not
confine themselves to one passway, but made several

—six—to suit themselves, which is conclusive that the passway was permissive only, and the Bowman case, *supra*, is relied on as authority supporting that contention.   ˙We do not understand the Bowman case that way.   As intimated, there was no express agreement proved in the Bowman case; and as the land through which the passway ran was uninclosed (here it was inclosed), and the owner exercised control over the passway, the presumption did not arise from fifteen or more years of user that the use was as a mat ter of right, but permissive only.   Here, as said, the presumption of permission can not arise, because there was an agreed right of passway, which was used for nineteen years, which user perfected the right.   But it is said that notwithstanding the agreement, as the appellees did not confine themselves to one passway or road between the termini, the passage was permissive only.   It is to be said upon that subject that the divergences which were between the termini were caused by taking a new route to avoid muddy or worn places in present route, which in nowise forfeited the appellees' right of way, which is the matter at issue in this case.

It is well settled that a traveler upon the public highway, who makes a deflection upon adjoining land to avoid unsafe or hazardous places in the highway by reason of mud, use or other cause, is not a trespasser; and the same act, in same conditions, in case of a private passway may be governed by the principle.   But it is not necessary to pass upon this question, because the only question involved here is that of the right of way, which clearly exists.

The judgment is affirmed.