Minshall, J.
The plaintiff in error claims that the court erred in its judgment because it does not appear from its finding that the way was used for the requisite period, adversely to the defendant and his predecessors in title, and under a claim of right, nor is it found that it was not permissive. The court found that for more than twenty-one years prior to the time the defendant acquired his title to the land, D. J. Vance the predecessors in title of the plaintiffs, and his family, “in going to and from his farm and dwelling to the turnpike, and others going to and from said pike to Vances’, has passed over the lands of defendant, using a way or road through defendant’s farm as a foot-way, wagon-way, carriage-way, horse-back way and for hauliug produce to and from said Vance farm, without let or hindrance or obstruction” from the defendant’s predecessors in title. The plaintiffs’ claim is based on a title by prescription to the roadway, on the facts found. Easements of all kinds are said to lie in grant and not in livery; for the reason that, according to feudal *171 ideas, they could not be created by livery, as livery would destroy the seizin of the owner of the land subject to the easement. But as a right to that which an individual has long used and enjoyed as his own without disturbance has ever been agreeable to a sense of natural justice, the courts of England at an early day adopted the fiction of a lost deed in support of easements that had been enjoyed by the owner of the dominant estate and those under whom he claimed, for a period beyond the memory of man. This was first fixed at a time beyond the reign of Richard I. But by reason of the remoteness of the period, the proof became more and more difficult — if not impossible; and finally the courts adopted a shorter period of twenty years, in analogy to the limitation in possessory actions. Still in this state of the law, as the title rested upon the presumption of a lost deed, the courts held that it might be rebutted, so that long- possession still continued subject to this contingency, and might be overthrown by a showing that it commenced and continued without deed. This however is no longer the general doctrine. Washburn on Easements, 4th Ed., 130-135; Railway Co. v. McFarlan, 43 N. J. L., 605; Tracy v. Atherton, 36 Vt., 503. Where an easement, as a way, is now shown to have been used by an owner of land over the land of another for the requisite period, without interruption with all the incidents of ownership, the fact of such use is accepted as conclusive proof of the right. The extent of the right is determined by the nature and extent of the use. It is said, ‘‘Every species of prescription by which property is acquired or lost is founded on the presumption that he who has had a quiet and uninterrupted ¡possession of anything for a long *172 period of years is supposed to have a just right thereto, without which he could not have been suffered to continue so long’ in the enjoyment of it.” Brown’s Institute of the whole law, 418.
This is the principle of the civil law from which title by prescription is derived. It must not be confounded with usucaption, which simply, by the lapse of a short time, cured defects in titles otherwise good. Prescription was not regarded as a source of title, but as a means of defense against the assertion of an originally superior title, one that would have prevailed but for the consideration given -to long time possession. It would seem that this was made available by the magistrate so framing the formula as to confine the inquiry of the judge to the simple question of long time possession ; and this was done by writing- the limitation before the intentio, hence the significance of the term “prescription” which from its etymolog;y means a writing before. The prescription was inserted for the very purpose of excluding any other inquiry as to the rig’hts of the party claiming thereunder, than such as arose from long- possession of the land in the character of owner. Sander’s Justinian, Introd. Section 104; Hunter’s Roman Law, 288; Poste’s Gaius, 581.
But it is not material on which ground we regard a right to an easement by prescription rests, whether on that of a grant presumed from lapse of time, or from the justice and policy of protecting one who has long used and enjoyed a right in the character of owner, the practical result is the same: the party so using and enjoying the easement is adjudged as possessing the right in connection with his land as an incident thereto.
The substance then of a title, by prescription, *173 whether it relate to the land or an easement in it, is the use and enjoyment of the land, or the easement, for the requsite period as an owner. No inquiry beyond this is required. The establishment of the claim, however, necessarily requires proof that the use was adverse to the real owner, and under a claim of right. Without such proof one could not be said to possess or use as an owner. Nor would the claim be consistent with a case where the possession is taken and held under the license or permisión of the real owner. But in the case of an easement it is not required that the use should be exclusive of the owner of the servient tenement. The latter may use a way in connection with the owner of the dominant tenement, as the two uses are consistent; and the owner of the servient tenement may maintain gates thereon where such was his custom during the period of prescription. The use made of the way and the mode of its enjoyment during this period, determines the extent of the right acquired and its limitations. Washburn on Easements, 135. These views are fully sustained by the authorities cited by counsel for the defendant in error.
In this case the finding shows that the use made of the way was adverse to the owner of the land. It prevented him from cultivating it as he might otherwise have done, or from making any use of it inconsistent with the right of way as used. It also appears that it was under a claim of right, as it was used without “let or hindrance” and “without asking leave. ” These circumstances are sufficient to show that it was under a claim of right. It is not necessary that it should have been made to appear that the party using the way, verbally asserted the right to do so when using it. This *174 may appear from conduct as well as words ; using a way without asking’ leave imports a claim of right to do so. It may be stated as a general rule, that where a person uses a way in the enjoyment of his own land through the land of another, without let or hindrance, for the period of twenty-one years, in the absence of anything to the contrary, he thereby acquires a right by prescription to continue the use as an incident to his own land, and which will pass by a conveyance or descent of it. The fact of the use is open to explanation. It may be shown to have been permissive. But in such case the burthen is upon the owner of the land to show that the use was a permissive one. Garett v. Jackson, 20 Penna. St., 331; O'Daniel v. O'Daniel, 88 Ky., 185. If the rule were otherwise, the burthen of proof would be placed on the party holding the negative, which is seldom, if ever, done in civil suits; for it is easier to prove an affirmative than a negative. Such evidence may have been offered, but the court evidently found, in this regard, against the defendant, in finding that it was without “let.” The evidence is not incorporated in the record, and the finding must govern the disposition of the case.

Judgment affirmed.