CASE 117.—ACTION TO ENJOIN DEFENDANT FROM FENCING ITS RIGHT OF
WAY THROUGH PLAINTIFF'S LAND—MAY 23.

# Thompson v. L. & N. R. R. Co.

| 110 | 973 |
| e126 | 497 |

APPEAL FROM MARION CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.　AFFIRMED.

EVIDENCE—ANCIENT DEEDS—ADVERSE USE OF RAILROAD RIGHT OF WAY
AS PASSWAY.

Held:　1. An unrecorded deed in possession of the grantee, under
which he has been in possession for forty years, claiming title,
is admissible in evidence as an ancient document.
2. No presumption of a grant arises from the use of part of a railroad
right of way for forty years as a passway, where it is manifest
that the entire right of way will ultimately, become essential
to the company in the operation of its road, and, therefore, no
title by prescription arises from such use.

FINLEY SHUCK, ATTORNEY FOR APPELLANT.

In 1898, the appellee, L. & N. R. R. Co., built a wire fence along
both sides of its track in lieu of a rail fence, formerly built,
inclosing a space of 66 feet wide, the full length of Sylvester
Thompson's tract of land, thereby stopping up plaintiff's gates
and passway alongside defendant's track, as well as his crossing
over the railroad track, and bottling him up without any legal ex-
it from his farm to any road.

The plaintiff has sued the railroad to compel it to remove the
obstruction to his passway and restore the crossing and for dam-
ages.

The appellee claims a right of way by deeds from Sylvester
and Mary Thompson, who then owned the land.　The appellant
denies that appellant ever received a legal title to such right of
way, and appellant claims that he has had the continued use
of a passway across said railroad track for more than twenty
years before the erection of said fence, and claims the right by
prescription to a continued use thereof.

## AUTHORITIES CITED.

2 Metc. 483, Kelly v. Donohue; 3d vol. Kent, 531 to 533, and
432; O'Daniel v. O'Daniel, 88 Ky., 186.

W. C. McCHORD, ATTORNEY FOR APPELLEE..

W. D. HINES, W. J. LISLE, JOHN McCHORD, AND EDWARD W. HINES OF COUNSEL.

Plaintiff alleges that he and his brothers and sisters own 78 acres of land through which the defendant's line of railway runs, that alongside of said company's track and on said land, he and his brothers and sisters have, own, and use a passway, and that defendant unlawfully closed said passway by constructing a fence on the edge of its right of way, and thereby depriving plaintiff of the use of said railroad right of way, as a passway, for which he asks damages and an injunction.

Defendant admits that it fenced its right of way, as it had the right to do, and denies that plaintiff, or any one, had a passway on its right of way.

The only grounds for plaintiff's contention is the use of the railroad right of way for more than fifteen years. While this is conceded we think it is clearly shown that such use was merely permissive, and not as a matter of right.

A passway over another's lands for more than fifteen years raises a presumption that the use was under a written grant of the right, which presumption may be rebutted by direct proof, or by facts and circumstances, showing that the use was permissive only; in which state of case, the use, it matters not how long it may have continued, does not confer upon the persons using the passway a vested or legal right to the passway. Bowman v. Wickliffe, 15 B. Mon., 77; Hall v. McLeod, 2 Met., 98; Conyers v. Scott, 94 Ky., 125; Beall v. Clore, 6 Bush, 678; O'Daniel v. O'Daniel, 88 Ky., 185; Thornton v. L. & N. R. R. Co., 19 Ky. Law Rep., 96.

If a railroad company should grant a passway within fifteen or twenty feet of its railway track, over which fifteen or twenty trains pass each day, we submit such grant would be void, as being contrary to public policy.

## AUTHORITIES CITED.

Harlan v. Howard, 79 Ky., 373; Boyd v. Bethel, 10 Ky. Law Rep., 470; Butt v. Napier, 14 Bush, 42; Hall v. McLeod, 2 Met., 98; Talbott v. Thorn, 91 Ky., 417; Bowman v. Wickliffe, 15 Ben Monroe, 77; Beall v. Clore, 6 Bush, 676; O'Daniel v. O'Daniel, 88 Ky., 185; Conyers v. Scott, 94 Ky., 125; Thornton v. L. & N. R. R. Co., 19 Ky. Law Rep., 96.

Thompson v. Louisville & N. R. R. Co.

Opinion of the court by JUDGE BURNAM—Affirming.

The appellant, Wilfred L. Thompson, instituted this suit in the Marion Circuit Court against appellee, the Louisville & Nashville Railroad Company, to enjoin it from fencing its right of way through his land, and to compel it to remove fences already erected. He alleged, in substance, that he and his brothers and sisters own a tract of 78 acres of land, upon which they now reside, and have for many years resided, and through which the Knoxville Branch of the Louisville & Nashville Railroad runs; that alongside of the company's track, and on its right of way, he and his brothers and sisters, and their vendors, have owned and used a passway leading from their residence to the Lebanon and Loretto county road, for more than 40 years; and that appellee had, without right, closed up and obstructed the passway by building a fence which separated the right of way from their land. The defendant admits that it erected the fence complained of, but denies that plaintiff has a passway over its right of way, and alleges that plaintiff had unlawfully torn down its fence, for which it prays judgment. The case was transferred to equity, and on the trial plaintiff's petition and defendant's counterclaim were both dismissed, and both plaintiff and defendant except to the judgment of the trial court, and the case is now here for review.

Substantially the only question to be decided is whether appellant has a legal right to the passway in question. It appears from the evidence that the railroad was surveyed and located over the lands in question in the year 1854, and was constructed during the years 1855 and 1856. At that time Sylvester Thompson and his wife, Mary, who were the grandparents of appellant, owned a tract of 400

acres of land at this point, 100 acres of which belonged
to the wife, and the balance to the husband; and on the
7th day of June, 1854, Sylvester Thompson, the grand-
father of appellant, granted to appellee a right of way of
66 feet wide through his lands, in consideration of the
benefits the proposed road would be to the residue of his
tract, and authorized the company to survey and construct
its railroad over his lands. This original conveyance was
in the possession of appellee, and they claim that it was
duly recorded in the Marion County Court, and the record
afterwards burned up. However this may be, we think the
original paper was competent evidence to establish the right
as an ancient document. In the case of Boyd v. Bethel, 10
Ky. L. R. 470 (9 S. W., 417), this court said: "A deed defect-
ive in execution and never recorded, but in possession of the
grantee's heirs, with possession of the land under a claim
of title, is competent evidence of title forty years after-
wards, and the presumption is that it was accepted by
the grantee." But, independent of this deed from Syl-
vester Thompson, the evidence shows that appellee has
been in the continued possession of the land embraced by
its right of way since 1854, claiming, holding, and using
it adversely to all the world. After the death of Sylvester
Thompson his wife, Mary Thompson, sued the defendant
for damages on the ground that she had not united with her
husband in the grant of the right of way, and that the
railroad ran through her 100 acres. This suit was com-
promised by appellee paying her $450, in consideration of
which payment she conveyed to the defendant the right
of way over her undivided 100-acre tract, and in further
consideration therefor she agreed, for herself and heirs,
to erect and maintain forever on each side of the railroad
a good and substantial fence at her own cost and expense;

and the fact that Sylvester had conveyed the right of way
to the railroad is referred to in the deed from his wife.
After the death of Sylvester and his wife, their tract of
land was divided between their children, and the father
of appellant was allotted his part thereof, and at his death
the portion allotted to him descended to appellant, his
child.  It further appears that on the 6th day of May, 1897,
James S. Thompson, a brother of appellant, as adminis-
trator of their father, W. G. Thompson, deceased, had a
notice served upon appellee which recited that the right
of way over and through the lands of their father, W. G.
Thompson, was donated to the railroad company by Syl-
vester Thompson, their grandfather, and the former owner
of the land, and required that they should erect a fence
on both sides of their right of way through the land, leav-
ing places for gates on the east side of the road where
the present crossing was located.  We think there can be
no doubt that appellee acquired title to its right of way
through the lands in question by conveyances from Syl-
vester and Mary Thompson, the original owners of the
land, prior to the time plaintiff acquired title to his land
by inheritance from them; and it is not contended that ap-
pellant or those under whom he claims had any written
or verbal grant of the right to use the passway in ques-
tion.  His whole claim is that he and his vendors have
used this passway for more than 40 years, and that it is
indispensable to the enjoyment of his property, and that
his use thereof has ripened into a legal right by prescrip-
tion.  And it may be stated, as a general rule, that a claim
by prescription is founded on the supposition of an ancient
grant and of immemorial usage, adverse, uninterrupted,
and continuous.  Goddard, in his work on the Law of Ease-
ments, says:  "The whole theory of prescription depends

upon the presumption of a grant having been made. If, therefore, it can be shown that no grant was made, or if it can be shown to be a very improbable thing that a grant was ever made, the presumption can not arise, and the title by prescription fails." This passage has been frequently quoted with approval by courts of last resort both in this country and in England, and is substantially the doctrine which has been followed by this court from a very early period. In the case of Bowman v. Wickliffe, 15 B. Mon, 79, it was held that "the right of way of one person over the land of another must be for twenty years, at least, before any presumption of a grant of the right can arise merely from the use; and then the use must have been enjoyed under such circumstances as indicate that it had been claimed as a right, and not enjoyed as a mere privilege." See Hall v. McLeod, 2 Metc., 98 (74 Am. Dec., 40); Beall v. Clore, 6 Bush, 676; Conyers v. Scott, 94 Ky., 125 (21 S. W., 530). In the latter case the court said: "The enjoyment of a passway for as much as 15 years creates a presumption of legal title, but in such case the time of enjoyment is merely used as evidence to raise the presumption of a grant, and the manner of the enjoyment—whether by favor or under a claim of right—may be used as evidence to rebut the presumption." The case of Thornton v. Railroad Co. (19 Ky. L. R. 96) (39 S. W., 694), is almost identical in its facts with the case at bar. The testimony in that case showed that for 25 or 30 years Thornton and other citizens in the vicinity had used the right of way of the railroad company as a passway, but it was held that such use did not create the presumption of a grant to the passway. It is alleged in the answer, and not denied, that, during the entire period which appellant claims to have used the passway in question, the railroad company had

been in the undisturbed possession thereof, and had made such use of it as the business of the railroad required; putting in culverts, and annually cleaning off briers and weeds to the outside edge of its right of way. There is not the slightest evidence that appellant or his vendors ever claimed or asserted a right to the use of the land in question, except by merely passing over it, and this use did not materially interfere with the use thereof by appellee. To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that its use was accompanied by a claim of right, or by such acts as manifest an intention to enjoy it without regard to the wishes of the railroad company. The record entirely fails to show such evidence in this case, and it is highly improbable that such a grant was ever made, as it is manifest that the entire right of way claimed by appellee will ultimately become absolutely essential to it in running its road, and the business of the country has rapidly developed since the road was projected, and probably in a very short time double or quadruple tracks will be necessary for the transportation of traffic over its line. The case of O'Daniel v. O'Daniel, 88 Ky., 185 (10 S. W., 638), is not inconsistent with these cases. Judgment affirmed.