CASE 55.—ACTION BY THE TRUSTEES OF THE CINCIN-
NATI SOUTHERN RY. CO. AND ANOTHER AGAINST
A. SLAUGHTER AND OTHERS TO QUIET TITLE TO
CERTAIN LAND, INCLUDING A PASSWAY CLAIMED
BY DEFENDANTS.—September 26.

# Trustees Cin. Southern Ry. Co. v. Slaughter

Appeal from Lincoln Circuit Court.

W. C. Bell, Circuit Judge.

From a judgment of dismissal plaintiffs appeal.—
Affirmed.

1. Easements — Ways — Acquisition—Prescription—Evidence—
Admissibility.—Where a party asserts a right by prescription
to a way, and shows a continuous user thereof for more than
20 years, evidence of user by others living in the neighbor-
hood for a time insufficient to ripen into a prescriptive right
as to them is admissible to show that the community regard-
ed the way as free, if not dedicated, to the use of persons to
whom it furnished the only way of reaching a public way.
2. Same—Evidence—Findings.—A finding that a party had ac-
quired by prescription a right of way over the land of an-
other held justified under the facts.
3. Same—Presumptions—Burden of Proof.—Where a user of a
right of way creates the presumption of a grant, a party as-
sailing the right has the burden of proving that the use of
the way was merely permissive.
4. Railroads—Right of Way—Rights Acquired—Notice of Rights
of User.—A railway company acquiring for a right of way
land over which individuals exercised and claimed a right
of way adverse to and by recognition of the owner is charge-
able with notice of the rights of the individuals.

5. Easements—Ways—Acquisition—Prescription—Deviation from Way.—Where no material changes were made in the location of a right of way claimed by adverse user, and the changes made were not made for the purpose of abandoning the way, they were immaterial on the issue of acquisition of a right of way by adverse user.

6. Same—Right of Way—Rights Acquired.—A railway company acquired land for a right of way at a time when individuals exercised and claimed adversely a right of way over the same. The railway right of way was 100 feet in width, and the use by the individuals of their right of way did not interfere with the operation of the railway. The individuals used their right of way for more than 20 years under a claim of right adversely to the company and its grantor. Held, that the individuals acquired by prescription a right of way as against the company.

JOHN GALVIN and J. W. ALCORN for appellants.

ROBT. HARDING, M. C. SAUFLEY, EMMETT PURYEAR and GREENE & VANWINKLE for appellees.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

We gather from the record in this case that the village of Moreland, which is situated in Lincoln county and upon the line of railroad owned and operated by appellants, has for its principal thoroughfare the Danville & Hustonville Turnpike Road, and that the railroad runs through its corporate limits nearly north and south, crossing the turnpike a considerable distance north of the town and again somewhat south thereof, after running through the town and almost parallel with the turnpike, between 200 and 300 feet distant therefrom. It further appears that the principal business section of the town is situated on the east side of the railroad, and that appellees, with divers other residents, constitute a

considerable settlement on the west side of the railroad. The action was brought mainly to quiet appellant's title to a part of its right of way included in a passway claimed by appellees, and to enjoin appellees from using the passway, which runs from their places of residence, respectively, through a part of appellants' right of way to the Carter Road, which latter road crosses the railroad. The answer of appellees admits their use of the passway and asserts their right to it by grant and prescription; it being alleged that they and their vendors have, under claim of right, had more than 15 years continuous possession and use thereof adversely to appellants and all others. The court below, upon the hearing, entered judgment declaring appellees entitled to the passway and dismissing the action, and from that judgment this appeal is prosecuted.

By consent of parties the case was tried upon oral testimony. Owing to the absence from the record of a map, we have had some difficulty in ascertaining the precise location of the passway and places of residence of appellees. While the evidence is conflicting, we are unable to say that the judgment is not sustained by its weight. In other words, considered as a whole, the evidence conduces to show that appellees and those from whom they derived title to their lands had for more than 20 years before the institution of the action, and commencing before appellants acquired their right of way, continuously claimed, occupied, and used the passway; that such user was not permissive, but exercised and enjoyed as a matter of right adversely to appellants and their vendors. One witness testified to a parol grant of the passway by the original owner of the land of which appellant's right of way is a part. It was also made to appear

that several persons, who in recent years have become
residents upon and along what is known as "Haly
Lane," use, and, like appellees, are dependent upon,
this passway as their only route of travel from their
homes to the business part of Moreland, the post
office, school, and church, east of appellants' railroad
track. While the use of the passway by some of the
residents on Haly Lane cannot be said to have con-
tinued a sufficient length of time to ripen into a
prescriptive right as to them, considered in connection
with the previous long use of the passway by appel-
lees and vendors under a claim of right, it is a cir-
cumstance tending to show that the entire community
regarded the passway as free, if not actually dedi-
cated, to the use of persons to whom it furnished the
only way of reaching the Carter crossing.

Accepting the correctness of the chancellor's
conclusions of fact, we must conclude that such user
of a right of way as appellees and their vendors seem
to have enjoyed creates the presumption of a grant.
This being true, the burden was on appellants to
rebut this presumption by proving that the use of the
passway by appellees and their vendors was merely
permissive. O'Daniel v. O'Daniel, 88 Ky. 185, 10 S.
W. 638, 10 Ky. Law Rep. 760; Bowen v. Cooper, 23
Ky. Law Rep. 2065, 66 S. W. 601; Anderson v. South-
worth, 25 Ky. Law Rep. 776, 76 S. W. 391; Chenault
v. Gravitt, 27 Ky. Law Rep. 403, 85 S. W. 184; Talbott
v. Thorn, 91 Ky. 417, 16 S. W. 88, 13 Ky. Law Rep.
401; Riley v. Buchanan, 116 Ky. 625, 25 Ky. Law Rep.
863, 76 S. W. 527, 63 L. R. A. 642; Commonwealth v.
Terry, 27 Ky. Law Rep. 684, 86 S. W. 519; Ray v.
Nally, 28 Ky. Law Rep. 421, 89 S. W. 486.

As a railroad company, in the performance of its
duties as a common carrier, may require the use of

its entire right of way (which, after all, is but an easement), for the laying of additional tracks or other purposes appertaining to its business, we would hesitate to say that it should be compelled to yield a passway over its right of way, upon the grounds of prescriptive right or presumed grant asserted by the claimant, however long continued the adverse user, if such user had its beginning after the railroad company acquired its right of way. But no such state of case is here presented, for appellant's right of way is 100 feet in width, and it was neither alleged in the petition, or shown by proof, that appellees' use of the passway will prevent the construction of additional tracks at that point, or otherwise interfere with the operation of the railroad. Besides, according to the weight of the evidence, the use of the passway in question by appellees or their vendors appears to have commenced and was exercised and claimed as a right adversely to and by recognition of the then owners of the land, appellant's vendors, before appellants acquired their right of way, which use on the part of appellees or their vendors continued without interruption until the time of the institution of this action. Appellants, in acquiring their right of way, were therefore charged with notice of appellees' right to the passway, for, as said in Wright v. Willis, 23 Ky. Law Rep. 565, 63 S. W. 991, quoted with approval in Ray v. Nally, 28 Ky. Law Rep. 421, 89 S. W. 486: "The purchaser of land through which an old road passed was charged with notice of the fact that the person using the road claimed the use as a matter of right, as he might have ascertained that fact by inquiring of them instead of inquiring of the vendor, who informed him that the use was merely permissive."

It appears from the evidence that the passway over appellant's right of way is, and has all along been, a well-defined roadway, showing the use and wear of both vehicles and horses. It is, however, insisted for appellants that more than one change has been made in the passway since its use commenced, and that such changes negative appellees' claim of an adverse use of the passway. We are unable to see the force of this argument. The evidence fails to show any material change in the passway since it was established, or that changes were made with the purpose of abandoning it as a passway. The effect of such changes in a road or passway is commented on in the case of Anderson v. Southworth, 25 Ky. Law Rep. 776, 76 S. W. 391, in the opinion of which it is said: "It is true that one or two changes of the pass-way were made to straighten the fences of some of the owners of the land, or to get it upon firmer and better ground; but such changes were made by moving it only a few feet, and with no purpose of abandoning it as a passway." Ray v. Nally, 28 Ky. Law Rep. 421, 89 S. W. 486. The views herein expressed are not in conflict with the opinion in Thompson v. Louis-ville & Nashville Railroad Company, 110 Ky. 973, 23 Ky. Law Rep. 476, 63 S. W. 42. The question for decision in that case was whether or not the appellant Thompson was legally entitled to the use of a pass-way over the right of way of the railroad company. It was held that he was not, because: (1) The railroad company acquired title to and possession of the right of way over which the passway was claimed from the appellant Thompson's ancestors, Sylvestor and Mary Thompson, by proper conveyances without any reser-vation of the passway; (2) these conveyances were made prior to the time the appellant acquired title

to his land by inheritance; (3) the testimony relied on by appellant to establish his right to the passway affirmatively showed that no grant was ever made him of the passway, and failed to show such a continued and adverse user thereof by him or those under whom he claimed as could have ripened his claim into a legal right by prescription: (4) the facts presented by the record were such as to make it manifest that the use of such part of the company's right of way, as would have been included in the passway claimed, was absolutely essential to the operation of its railroad. Thornton v. Railroad Company, 19 Ky. Law Rep. 96, 39 S. W. 694. The following excerpt from the opinion summarizes the court's conclusions: "To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that its use was accompanied by a claim of right, or by such acts as manifest an intention to enjoy it without regard to the wishes of the railroad company. The record entirely fails to show such evidence in this case, and it is highly improbable that such a grant was ever made, as it is manifest that the entire right of way claimed by appellant will ultimately become absolutely essential to it in running its road, and the business of the country has rapidly developed since the road was projected, and probably in a very short time double or quadruple tracks will be necessary for the transportation of traffic over its line."

The pertinency of the last conclusion expressed in the opinion supra will be better understood when it is suggested that it is elsewhere stated in the opinion that the right of way of the Louisville & Nashville Railroad Company is only 66 feet in width. Moreover, it appears that the railroad company made in

that case the defense that the granting of the passway asked over its right of way would not leave it at that point a sufficiency of ground for the proper operation of its railroad. As before indicated, no such defense was or could have been made in the case at bar. The facts appearing in the record would have given it no support. In other respects the case supra is quite unlike this, for here there is evidence out of which arises the presumption of a grant of the right of appellees to the passway, as their use of it has been attended by circumstances which make it appear that such use was accompanied by a claim of right, and also by acts sufficient to manifest an intention on their part to enjoy it without regard to the wishes of appellants.

Judgment affirmed.