## Kimble v. Warren, et al.

(Decided April 15, 1914.)

### Appeal from Hickman Circuit Court.

1. Easements—Passway—Right To By Prescription—Presumption—Limitation.—A right by prescription to a passway is founded upon the presumption of a grant; such presumption arising from the adverse, uninterrupted and continuous user of the passway, by the person asserting the prescriptional right thereto, for the statutory period of limitation.

2. Easements—Evidence—Sufficiency Of To Establish Right.—The evidence presented by the record being sufficient to show an uninterrupted, adverse and continuous user of the passway by appellees, as a matter of right, for more than fifteen years before its attempted obstruction by appellant, held—that the judgment of the chancellor, quieting their right to and possession of the passway, will not be disturbed.

J. D. VIA for appellant.

R. L. SMITH for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Hickman Circuit Court, quieting appellees' right to a passway lead-

ing from their home to a public road, traveled by them in going to and from the county seat; requiring appellant to remove from the passway a fence which he had erected upon and across same, and awarding appellees one cent in damages against appellant on account of the obstruction in question. It was alleged in the petition that appellees were the owners of the passway by deed of conveyance from their vendor and also by prescription growing out of its continuous adverse use by themselves and vendors for more than fifteen years before the institution of their action and its obstruction by appellant.

The appellant's answer denied appellees' ownership of the passway; also the adverse user of more than fifteen years relied on by appellees; and alleged that the passway is included in the boundary of his (appellant's) deed, and that whatever use appellees had made of same was purely permissive.

There was a contrariety of evidence as to the title to the passway, the evidence introduced in appellant's behalf tending to show that it was covered by his deed, and that of appellees being to the effect that it was in a remote grantor of theirs who conveyed it to their immediate grantor, by whom it was conveyed to them. It is, however, abundantly shown by appellees' evidence, which is but slightly contradicted by that of appellant, that the former and their vendors had, for more than seventeen years prior to the institution of the action and the obstruction of the passway by appellant, continuously and adversely to appellant, his vendors and all others, used the passway in going to and from their homes to the public road, claiming it as their own; during the whole of which time their right to such user was recognized by appellant, his vendors and all others. Indeed, according to the evidence, only two or three years before the institution of this action appellant, in reconstructing his fence along the line of the passway, set it in and thereby increased the width of the passway two feet, making it for some distance twelve instead of ten feet in width.

We are clearly of opinion that appellees have shown themselves entitled to the passway in question by prescription; that is, a right to the passway founded on the presumption of a grant, such presumption arising from the adverse, uninterrupted and continuous user of the passway by them for the statutory period of limitation, namely, fifteen years. O'Daniel v. O'Daniel, 88 Ky., 185;

Bowen v. Cooper, 23 R., 2065; Anderson v. Southworth, 25 R., 776; Chenault v. Gravitt, 27 R., 403; Com. v. Terry, 27 R., 684; Ray v. Nally, 28 R., 421; Tolbert v. Thorne, 91 Ky., 417; Riley v. Buchanan, 116 Ky., 625; Trustees Cin. Sou. Ry. Co. v. Slaughter, 126 Ky., 492.

Wherefore the judgment is affirmed.