## Louisville & Nashville Railroad Company v. Gillespie.

(Decided June 18, 1915.)

### Appeal from Harrison Circuit Court.

1. Telegraphs and Telephones—Private Owner of—May Obtain Right of Way for By Continuous, Adverse User of Fifteen Years.—Where the owner of a private telephone line has for as much as fifteen years enjoyed the continuous and adverse use of the ground occupied by the poles and lines over the lands of others, he acquires a prescriptive right thereto of which he cannot be deprived by a railroad company, which acquires title to and builds an additional track upon a part of the land occupied by his poles and lines, after such prescriptive right has become perfected; and in such case the owner of the telephone line may maintain an action for damages against the railroad company for the partial destruction by it of his poles and line.

2. Telegraphs and Telephones—Damages for Obstruction of Telephone Poles and Line—Action for—Measure of Damages.—In an action brought by the owner of a telephone line to recover damages for its destruction in part by a railroad company, if the jury find it practicable to rebuild the telephone line where it was injured or destroyed, the measure of damages is the reasonable cost to the owner of replacing the line in the condition it was in before the injury, at the same place or approximately the same place, and such further sum as will reasonably compensate him for the loss, if any, of the value of the use to him of the telephone from the date such use was stopped by the destruction of its poles or lines until such time as the line could by reasonable diligence and dispatch be so rebuilt as to be restored to use. If, however, the jury should find that it would be impracticable to rebuild the line at the same place, or approximately the same place, where it was destroyed by the defendant, the measure of damages, if any, in that event would be the reasonable market value, if any,

of the telephone line from the plaintiff's residence to its termina-
tion at the time of the destruction of its use by the acts, if any,
of the defendant complained of.

BENJAMIN D. WARFIELD, EMMETT M. DICKSON, HANSON
PETERSON and FRED P. CALDWELL for appellant.

M. C. SWINFORD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellee, B. G. Gillespie, brought this action in
the Harrison Circuit Court to recover of the Western
Union Telegraph Company and the appellant, Louis-
ville & Nashville Railroad Company, damages for the
alleged destruction by them of a telephone line, certain
poles thereof and a part of the right of way occupied
by such line; of which line, poles and right of way ap-
pellee claimed to be the owner. The amount of damages
claimed was $2,500.00. For some reason not shown by
the record, before us, the action as to the Western
Union Telegraph Company seems to have been aban-
doned, but the trial as to the appellant, Louisville &
Nashville Railroad Company, resulted in a verdict in
behalf of appellee for $500.00 damages. From the judg-
ment entered upon that verdict the railroad company
has appealed.

The appellant answered in two paragraphs, the first
containing a traverse. In the second it was alleged that
the acts complained of by appellee were committed by
independent contractors who were doing certain work
of construction upon appellant's railroad, and that if
such acts resulted in the injuries complained of by ap-
pellee, appellant was in no wise liable therefor, the in-
dependent contractors being alone liable.

The telephone line in question ran, on poles two hun-
dred feet apart, from appellee's residence to the village
of Berry, a distance of three and a third miles, and
was constructed by appellee more than fifteen years
prior to the institution of this action, from which time
down to the acts of interference and destruction on the
part of appellant complained of, it was in daily use by
appellee, and others by his permission. According to
appellee's evidence, he acquired the right of way upon
which the telephone line ran before its construction, by
contracts from the landowners, that the use of the
right of way thus acquired was co-extensive with his
use of the telephone line, was actual and adverse to ap-

pellant and all others, and had continued for more than fifteen years; that appellant in reconstructing and double tracking its railroad from Paris to Covington destroyed six poles and 1,200 feet of his telephone line in the town of Berry and seven poles and about 1,500 feet of the telephone line at Tunnel Hill, a half mile south of Berry; the destruction of the line and poles in Berry resulting from appellant's building of a sidewalk on the ground occupied by appellee's poles; that the destruction of appellee's line at Tunnel Hill resulted from the tearing down by appellant of some of his telephone poles and by its digging up, in part, of his right of way and constructing thereon one of its railroad tracks, which deprived him entirely of the right of way so destroyed and converted, and left him without right of way or means to reconstruct the telephone line at that point.

On the other hand, appellant's evidence conduced to prove that the sidewalk constructed by it in Berry only covers the ground formerly occupied by three or four of appellee's telephone poles; that these poles, as well as the telephone line at Berry, were down before and when the sidewalk was constructed, and that there was left along the sidewalk and between it and the abutting lots a sufficient space for the resetting of appellee's telephone poles had he desired to reconstruct his telephone line at that point. It appears, however, from the admissions of some of appellant's witnesses, that the telephone poles in Berry were standing until after the poles and line at Tunnel Hill were thrown down by appellant; and from appellee's evidence, that the poles were not replaced in Berry after the building of the sidewalk, because to have done so would have given appellee no use of the telephone line in Berry, without restoring the poles and line destroyed by appellant at Tunnel Hill, which could not be done because of appellant's destruction of the right of way there; Tunnel Hill being between Berry and appellee's residence.

Appellant's evidence further conduced to prove that in constructing its railroad tracks at Tunnel Hill, only five or six of the poles of appellee's telephone line were displaced or removed, and that the poles thus removed were on appellant's right of way, acquired from adjacent landowners. It is appellee's contention, however, that if appellant acquired for its double tracks at Tunnel Hill additional ground occupied by appellee's telephone

poles and line, its right to same was subject to and could not defeat his prior acquisition of a right of way over the land for his telephone line, and this, as a matter of law, is true, whether appellee's right of way was acquired by contract or by continuous, adverse user for more than fifteen years.

It should here be remarked that appellee's evidence does not definitely show that he acquired by contract a right of way for his telephone line over or upon the land at Tunnel Hill where his poles were removed and line destroyed by appellant's employes. It does, however, strongly conduce to prove his continuous and adverse occupancy and use of such right of way by his telephone poles and line for more than fifteen years before appellant's acquisition of the land; or the construction of a track thereon; and also to prove such destruction at Tunnel Hill and in Berry of the right of way where appellant's employes destroyed his poles and line, as to render impossible the reconstruction or maintenance of appellee's telephone poles and line thereon.

While other grounds are incidentally mentioned in the brief of its counsel, the ground mainly relied on by appellant for a reversal of the judgment is, that the trial court erred in instructing the jury. The instructions objected to on the motion for a new trial were Nos. 1, 2, 6 and 7, and those instructions are here inserted in the opinion:

"First. If you shall believe from the evidence that the plaintiff and Dr. J. N. Stone constructed the line of telephone described in the evidence and that both or either of them for a period of fifteen years next before the cut was made at Tunnel Hill maintained, claimed and adversely held and operated the line, then the plaintiff acquired the right to an easement over the land for the said telephone line, and if you shall further believe from the evidence that the defendant, Louisville & Nashville Railroad Company, its agents or employes in the construction of the concrete sidewalk described in the evidence removed, destroyed or injured any of the telephone poles or telephone wires you should find for the plaintiff such damage as he sustained thereby, and unless you shall so believe you should find for the defendant.

"Second. In the event that you find for the plaintiff and believe from the evidence that it is practicable to rebuild the telephone line where it was injured or de-

stroyed, if it was injured or destroyed, the measure of plaintiff's damage, if any, is the reasonable cost of replacing the line in the condition it was in before the injury at the same place or approximately the same place; but if you shall believe from the evidence that it is impracticable to rebuild the line where it was or approximately where it was injured or destroyed, if it was injured or destroyed by defendant, the measure of plaintiff's damage, if any, is the reasonable value of the line from Berry to Robinson, considering the purpose for which plaintiff used it, not exceeding $2,500.00.

"Sixth. If you find for plaintiff you will state in the verdict whether your finding is for repairing the line or for the value of the whole line.

"Seventh. In the event you should believe from the evidence that the plaintiff has not acquired an easement by an adverse holding as defined in instruction No. 1, yet if you believe from the evidence that in the construction of the cut and pavement or in the construction of either, the defendant, its agents or employes, injured or destroyed any of the telephone poles or wires thereon you should find for the plaintiff the reasonable cost of repairing such injury, if any, not exceeding $2,500.00."

Appellant's objection to instruction No. 1 is, that it authorized a recovery by appellee of some part of the damages claimed, if his occupancy and use of the land upon which his telephone line was maintained was shown by the evidence to have been adverse and continuous for a period of fifteen years next before the cut was made at Tunnel Hill, and it was further shown by the evidence that appellant's agents or employes, in the construction of its roadway or the sidewalk described in the evidence, removed, destroyed or injured any of the telephone poles or telephone wire.

It is argued by counsel for appellant that an individual cannot acquire by prescription a passway or easement of the character here claimed by appellee, upon or across a railroad company's right of way, and cites in support of the contention: L. & N. R. Co. v. Childers & Only, 155 Ky., 655, and France v. C. & O. Ry. Co., 156 Ky., 126. The argument would be controlling if appellant had acquired title to the land at Tunnel Hill or to the land covered by the sidewalk in Berry, upon and along which appellee maintained his telephone line at those places, before the latter's adverse use thereof as

a right of way or easement.had continued for as·much as fifteen years, or if appellee's use of the easement had been shown to be merely permissive; but such was not the case. In a long line of cases, including the two cited by appellant, we have held that there is no presumption of a grant from the merely permissive use of an easement upon or over a railroad right of way, no matter how long enjoyed.

In L. & N. R. Co. v. Childers & Only, *supra,* no right was shown by the plaintiffs to the easement claimed over the ground of the railroad company, other than a merely permissive use. The same is true of the case of France v. C. & O. Ry. Co., *supra;* and in each of the following cases the decision was rested on the same or a similar ground: Thompson v. L. & N. R. Co., 110 Ky., 973; L. & N. R. Co. v. Haggin, 141 Ky., 20; L. & N. R. Co. v. Smith, 125 Ky., 336. But in Trustees Cin. Sou. Ry. Co. v. Slaughter, 126 Ky., 492, it was held that Slaughter had acquired by prescription a passway over the right of way of the railroad company by adverse user of more than the statutory period. In that case as in this, however, the user of the easement had ripened into a prescriptive right before the railroad company acquired title to the land over which the passway was claimed. In the opinion it is said:

"Accepting the correctness of the chancellor's conclusions of fact, we must conclude that such user of a right of way as appellees and their vendors seem to have enjoyed creates the presumption of a grant. This being true, the burden was on appellants to rebut this presumption by proving that the use of the passway by appellees and their vendors was merely permissive. * * * As a railroad company, in the performance of its duties as a common carrier, may require the use of its. entire right of way (which, after all, is but an easement), for the laying of additional tracks or other purposes appertaining to its business, we would hesitate to say that it should be compelled to yield a passway over its right of way, upon the grounds of prescriptive right or presumed grant asserted by the claimant, however long continued the adverse user, if such user had its beginning after the railroad company acquired its right of way. * * * Appellants, in acquiring their right of way, were therefore charged with notice of appellees' right to the passway, etc."

The doctrine thus announced in Trustees Cin. Sou. Ry. Co. v. Slaughter, *supra,* was approved in the later case of Big Sandy Ry. Co. v. Bays, etc., 31 R., 288. Instruction No. 1, though in some particulars inaptly expressed, is on the whole substantially correct.

Instruction No. 2, on the measure of damages, fails to correctly state the law. It should have been worded as follows:

In the event you find for the plaintiff and believe from the evidence that it is practicable to rebuild the telephone line where it was injured or destroyed, if it was injured or destroyed, the measure of plaintiff's damage is the reasonable cost, as shown by the evidence, of replacing the line in the condition it was in before the injury, at the same place or approximately the same place; and such further sum, if any, as you may believe from the evidence will reasonably compensate plaintiff for the loss, if any, of the value of the use to him of the telephone line from the date its use was stopped by the destruction, if any, of its poles or line by defendant's servants at Tunnel Hill or in Berry, until such time as the line could or might, by reasonable diligence and despatch, be so rebuilt as to be restored to use. If, however, you should find for the plaintiff, and believe from the evidence that it is impracticable to rebuild the line at the same place or approximately the same place where it was injured or destroyed, if it was injured or destroyed by defendant, the measure of plaintiff's damage, if any, is the reasonable market value, if any, of the telephone line from Berry to plaintiff's residence, at the time of the destruction of its use by the acts, if any, of defendant's servants complained of; but in no event should the damages allowed plaintiff under this instruction, if any are allowed him, exceed the amount claimed in the petition, viz.: $2,500.00.

We assume that appellant's objection to instruction No. 6 is purely formal as no mention is made of it in the brief of its counsel. The instruction is correctly expressed and was properly given. Instruction No. 7, in effect advised the jury that although appellee may not have acquired the easement defined in instruction No. 1, yet if they believed from the evidence that appellant's agents or employes, in performing their work of construction in Berry, injured or destroyed any of appellee's telephone poles or wire at Tunnel Hill or in building the sidewalk thereon, they should find for the latter

the reasonable cost of repairing such injury. The soundness of this instruction is so manifest as to render discussion of it unnecessary.

We find no error in the trial court's refusal of the peremptory or other instructions asked and offered by appellant. Each of the latter was in some respect misleading and otherwise erroneous. Nor have we been able to find any substantial error in the admission or rejection of evidence, but as instruction No. 2, on the measure of damages, particularly the last half thereof, was so erroneous as to be necessarily prejudicial to the substantial rights of the appellant, the judgment is reversed and cause remanded for a new trial in conformity to the opinion.