## McGee *vs* Gibson.

APPEAL FROM THE JESSAMINE CIRCUIT.

*Landlord and tenant. Trespass.*

JUDGE MARSHALL delivered the Opinion of the Court,

TRESPASS.

*Case* 117.

*May* 12.

The case stated.

IN the former opinion rendered in this case, 1 *B. Mon.* 107, this Court decided upon the facts then assumed, that if Gibson, who was the plaintiff in the action, left the service of McGee wrongfully or by mutual consent, his right to occupy the house under the contract ceased, though the year had not expired, and the judgment for the plaintiff was then reversed because the Court had put to the jury the question whether, at the time of the trespass, he was in possession of the house under lease for a year; when the question, whether it was a lease for a year, was one of law arising on the terms of the contract, and when, as decided by this Court, there was no independent lease, but a right of occupancy incidental to the contract of hire. The Court did not then express its opinion either as to the effect of a cessation of the plaintiff's services by the fault of the defendant, or of a new agreement for the prolongation or continuance of the right of occupancy, because these points were not presented in the consideration of the instructions then under review, and because they were too obscurely presented by the evidence to require a decision of them.

But, as upon the evidence adduced upon the last trial, the jury had a right to infer the existence of one or both of the facts above mentioned, and which were not considered by this Court when the case was here before; it is necessary now to say, that in our opinion, if the failure of the plaintiff to serve the defendant during the year, according to his contract, was caused by the wrongful act of the defendant himself in prohibiting or preventing the service, the plaintiff's right of occupying the house during the year, though incidental to the contract of hire, did not cease with the services thus wrongfully terminated by the defendant, and that of course the latter had

Where a contract is for the occupancy of a tenement for the year on condition—if the tenant is in no default his right to the occupancy is not determined, and an entry upon his possession by the landlord is a trespass.

no right of entry during the year without the consent of the former, but was liable to an action for such entry and for any damage committed on the premises by him; and if the services of the plaintiff were terminated by his own fault or by mutual agreement, and his right of occupancy was prolonged or continued by agreement and consent of the defendant, then also the defendant was liable for an entry without the consent of the plaintiff, and a trespass committed while the right of occupancy continued according to the agreement.

The instructions given on the last trial, were substantially conformable to the principles stated in the former opinion, with the modifications above indicated, as being properly applicable to the evidence as now exhibited; and as the jury had a right, upon the evidence, to find for the plaintiff under either aspect of the case as above stated, there was no error in overruling the instructions asked for by the defendant, nor in refusing a new trial—and the judgment is affirmed.

*Hewitt* for appellant; *Harlan & Craddock* for defendant.