CASE 45—PETITION ORDINARY—OCTOBER 2.

# Walden v. Conn.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE TENANT, AND NOT THE LANDLORD, HAS THE EXCLUSIVE RIGHT OF ACTION FOR ANY INJURY TO THE POSSESSION of the rented premises; and this is true whether he retains the possession or not, since it is his exclusive *right* of possession that gives him the exclusive right of action.

2. THE WRONGFUL OUSTER OF A TENANT BY A STRANGER is not of itself a legal ground of recovery by the landlord against the stranger. To authorize the landlord to recover, it must appear that he has sustained a loss of his rents which he would have received of the tenant, or that he has sustained damages in the destruction of the premises, or in the dilapidation of them, injurious to the reversion, by reason of their being unoccupied, and to recover such damages he may have an action in the nature of a special action on the case.

EMMET FIELD FOR APPELLANT.

1. It is immaterial what character of action this is, since, under our system of pleading, all that is required is that the plaintiff set forth facts which constitute a cause of action, and demand the specific relief to

Walden v. Conn.

which he considers himself entitled.     (Civil Code, sec. 90; Haldeman v. Middleton, 6 Bush, 45; Hill v. Barrett, 14 B. M., 85.)

2. The appellee, by driving off the appellant's tenant, and excluding him from the use of the land, became liable to appellant for whatever damage he sustained thereby, and, therefore, appellant was entitled to recover in this action.     (Blackstone, 3d Book, 182; Taylor on Landlord and Tenant, 122; Aldridge v. Stuyvesant, 1 Hall, N: Y., 214.)

ABBOTT & RUTLEDGE FOR APPELLEE.

1. The party suing in trespass must have had the actual possession of the land at the time he alleges the trespass was committed.     Possession by the tenant, while giving him the right to sue, does not give his landlord such right.

2. The landlord can not recover because his tenant was deprived of the use of the land without an allegation of *special damage*.     There is no allegation in this case that appellant lost his tenant or his rent, or in any other way suffered damage, and, therefore, he was not entitled to recover.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, James Walden, filed his petition in the Jefferson Common Pleas Court against the appellee, John D. Conn, in which he alleged, in substance, that being the owner and in the possession of one acre of land lying in Jefferson county, giving a particular description of the land, he, in March, 1884, rented the same to —— Smith for the term of one year, and placed him in the possession thereof ; that on or about the first day of April, 1884, the appellee forcibly, unlawfully, and without plaintiff's consent, and without the consent of plaintiff's tenant, Smith, entered upon said land and built a fence thereon, and deprived plaintiff and his said tenant of the use and possession of said land.     Plaintiff says he has been damaged by the said unlawful acts of defendant in the sum of five hundred dollars.     He prayed judgment for that sum.

The appellee filed a demurrer to the petition, which was overruled by the court.     He then, by answer, fully denied the allegations of the petition.

The trial of the cause resulted in a verdict by the jury and judgment for the appellee, the court having peremptorily instructed the jury to find for the appellee.

If the appellant's petition sets out a cause of action, then the court's instruction was wrong. But if the petition sets out no cause of action, then the court's instruction was right. While the question to be settled here has never heretofore been before this court, yet it is of easy solution.

It is a well settled rule that when a contract of tenancy is consummated by the entry of the tenant, the exclusive right of possession is thereby instantly changed from the landlord to the tenant during his term, and for any injury to that possession, the right of action is exclusively in him. This is so whether he retains the possession or not, because it is his exclusive right of possession that gives him the exclusive right of action for any injury done to it, either by the landlord himself or a stranger, during the existence of that exclusive right. During the continuance of the tenant's right of possession, the landlord has no right of action for any injury done to it by a stranger or the tenant himself. His right is confined to the protection of his reversionary interest merely. For any injury to his reversionary interest, either by his tenant or a stranger, he may have any appropriate action of redress, but not an action of trespass, because that action lies alone for an immediate and direct injury to the possession, and the tenant having the exclusive right to the possession, he alone can resort to that kind of action.

The exclusive right of action being in the appellant's tenant for any wrong done to his possession, the averment of appellant, therefore, that he lost his tenant by the wrongful ouster of him by appellee, is not of itself a legal ground of recovery, because nothing else being shown to the damage of appellant, the wrong was done to the tenant alone. Also, the averment that, after the ouster, appellee put up a fence on said land, does not entitle the appellant to recover damages therefor, because it not being averred that the putting up of the fence was an injury to the reversion, the wrong was done alone to the tenant's possession.

As not inconsistent with the foregoing views, but as rather a continuation of them, if a stranger, either by threats or force, or by fraud or circumvention, drives the tenant away from the premises, or induces him to leave them, knowing that he is a tenant, and intending thereby to wrong or injure the landlord, and whereby the landlord does in fact sustain a loss of his rents, which he would have received if the tenant had continued in possession, or whereby he sustains damages in the destruction of the premises, or in the dilapidation of them, injurious to the reversion by reason of being vacant and unoccupied, then he may, by an action in the nature of a special action on the case, recover such damages as above indicated against the stranger. (Blackstone's Commentaries, 3d Book, p. 182; Taylor on Landlord and Tenant, 4th edition, p. 118; Aldridge v. Stuyvesant, 1st Hall's New York Reports, p. 214.)

Also, under such circumstances, the fact that the tenant had no right to abandon the possession of the

premises on account of the disturbance of the stranger, and that the injury complained of was caused by the wrongful act of the tenant by violating his contract in abandoning the premises, for which he is liable in damages, can not serve to protect the stranger because he is an intentional wrong-doer against the landlord, and is liable to him for such damages as above indicated by reason of his wrongful acts. He can not be heard to say, as a defense of his wrongful acts, that the tenant was also guilty of a wrong to the landlord by abandoning the premises, whereby the injury complained of occurred. The fact that he wrongfully caused the tenant thus to act, makes him responsible to the injured landlord to the extent above indicated, upon the well known principle that several wrong-doers are jointly or severally liable to the injured party.

As we have seen, the landlord's remedy against the stranger in such cases is by special action on the case, in which the special damage that the party has sustained must be alleged and proved.

Here, the appellant did not allege in his petition that he had sustained the loss of any amount of rent, or that he had been damaged by the destruction of his premises, or by the dilapidation of them in any way. The lower court, therefore, did right in giving the jury the peremptory instruction to find for the appellee, and the demurrer should have been sustained to the petition.

Wherefore, the judgment is affirmed.