## L. & N. Railroad Co. v. Hagan, et al.

(Decided December 2, 1910.)

### Appeal from Bullitt Circuit Court.

1. Rights of Way—Application to Railroads—Presumption of Grant—Use for Public Purpose.—There is necessarily a distinction between a railroad right of way and the property of a private person, as to the presumption of a grant of land used by another. A private person holds his land for his private purposes; the railroad holds its right of way for public purposes.  When a railroad has taken a right of way, either by condemnation or by purchase, on the ground that it is necessary for the business of the road, it is not presumed that it has granted to others property that was required for public purposes.

2. Same—Permissive Use of Right of Way—Effect.—It is a matter of common knowledge that in this country persons walk over and along railroad tracks at many points, and that the railroads permit this so long as it does not interfere with their business. But this merely permissive use of their rights of way and tracks, gives such persons no legal right to a passway over them.

CHARLES CARROLL, BENJAMIN D. WARFIELD and CHAS. H. MOORMAN for appellant.

(No brief for appellees.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

This action was brought by Susan Hagan, et al., against the Louisville & Nashville Railroad Company to enjoin it from obstructing a passway claimed by them, and to compel it to remove the obstruction from the passway. The defendant filed an answer controverting the allegations of the petition; proof was taken; and on final hearing the circuit court entered a judgment in favor of the plaintiff for the relief sought. The railroad company appeals.

The facts of the case are these: The plaintiffs own a farm in Bullitt county near the railroad right of way. Their dwelling house is about 100 yards south of the right of way, and not far from Chapeze Station which is situated on the north side of the right of way. The passway in question is a foot path leading from their home across their land to the right of way, and thence across the right of way and tracks to the postoffice and railroad office at Chapeze. The distance from the plaintiff's home to the postoffice by the pathway is 700 feet. There is a road which may be used by persons on foot or in vehicles leading from the plaintiff's house to the public road, and thence to the railroad office and postoffice; but this road is three or four hundred feet longer than the pathway. A. S. Chapeze in October, 1874, owned all this land and deeded to the railroad company the right of way. The house in which plaintiffs live was built after the railroad was built, and the station established at Chapeze. A distillery was also built at that point. The hands working at the distillery boarded at this house, and the path referred to was used by them. The path has been in use ever since the building and operation of the road, thirty or thirty-five years. There is a fence between the right of way and the plaintiff's farm, which the path crosses. While the proof is clear that the path has been used by persons traveling on foot for the whole period, there is nothing in the evidence to show that this use was not permissive; and the plaintiffs's whole case depends upon whether they have acquired a right to use the path across the right of way by prescription.

The whole theory of prescription depends upon the presumption of a grant, and if the circumstances are such as to indicate that the pathway had been enjoyed as a mere privilege, no presumption of a grant arises.

In Brown's Admr. v. L. & N. R. R. Co., 97 Ky. 236, where, as here, there was proof of the use of the right of way by persons on foot, the court said:

"We think the better doctrine is, that simple acquiescence on the part of a railroad company in the use of its track in this way does not confer authority or right, nor amount to license so to use."

This rule was adhered to in Thornton v. L. & N. R. R. Co., 39 S. W. 694, and in C. & O. R. R. Co. v. Perkins, 47. S. W., 259. The question again came before the court in Thompson v. L. & N. R. R. Co., 110 Ky. 975. In that case the plaintiffs claimed a passway along the defendant's right of way by prescription, and showed that they had used it for 40 years. The court held that such a use created no presumption of a grant. It said:

"There is not the slightest evidence that appellant or his vendors ever claimed or asserted a right to the use of the land in question, except by merely passing over it, and this use did not materially interfere with the use thereof by appellee. To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that its use was accompanied by a claim of right, or by such acts as manifest an intention to enjoy it without regard to the wishes of the railroad company."

In that case the proof for the plaintiffs was stronger than here, and the rule there announced is conclusive of this case. There is necessarily a distinction between a railroad right of way and the property of a private person as to the presumption of a grant. A private person holds his land for his private purposes; the railroad holds its right of way for public purposes. When a railroad has taken a right of way either by condemnation or by purchase, on the ground that it is necessary for the business of the road, it is not presumed that it has granted to others, property that was required for public purposes. It is a matter of common knowledge that in this country persons walk over and along railroad tracks at many points, and that the railroads permit this so long as it does not interfere with their business. But this merely permissive use of their rights of way and tracks gives such persons no legal right to a passway over them.

Judgment reversed and cause remanded for a judgment dismissing the petition.