## Louisville & Nashville Railroad Company v. Childers & Only, et al.

(Decided November 6, 1913).

Appeal from Warren Circuit Court
(On motion to dissolve injunction).

Passway—No Presumption of Grant of Passway Over Right of Way of Railroad From Mere Use.—There is no presumption of a grant of a passway to the public over the right of way of a railroad from a mere use by the public of the passway for thirty or forty years.

SIMS & RODES for appellant.

GRIDER & HARLIN and T. W. & R. C. P. THOMAS for appellees.

OPINION BY CHIEF JUSTICE HOBSON—Dissolving injunction.

This is an action by Childers and Only against the Louisville & Nashville Railroad Company to enjoin it from closing a passway. The circuit court granted the injunction and a motion has been entered before me by the defendant to dissolve the injunction. On the hearing of the argument, Judges Carroll, Nunn and Hannah sat with me; but in the determination of the matter all the judges sat. The facts of the case are these: The railroad station in Bowling Green has been built since the year 1854 and has been located on a lot of ground at the intersection of Adams and Main streets. Upon this property the company built its tracks, its passenger station and its freight depot. The southern end of the platform of the passenger station abuts on Main street. About midway of the passenger station is the ticket office and lunch stand. At this point the station platform is about 100 or 150 feet from Adams street. Nearly opposite the ticket office and built flush with Adams street is the old freight depot. Just across the street from the freight depot building is Webb's Hotel, and in a part of the hotel is Schneider's saloon. For a number of years a passway has existed across the right of way of the railroad company from Webb's Hotel over to the passenger platform. The situation is approximately shown on the following map, on which the line D E C represents the passway, the hotel being at point S E;

Owing to the increase of its business the company has found it necessary to enlarge its freight house, and to do this is erecting an extension of the freight house occupying the entire space between the present freight house and Main street. To do this will necessarily close the passway D E C. A large part of the patronage of the hotel and the saloon comes from persons using this passway and to close it will operate greatly to the loss of business by the plaintiffs who control them. They insist that a public right to this passway has been acquired by its long use as a matter of right; and this is the only question to be determined in the case.

The passway seems to have existed since the establishment of the station. It would be the natural way for persons to go to and from the passenger station to the freight house, and the testimony for the defendant is to the effect that it has been maintained by it because needed for a walk way for its employees at the freight house. It is also shown that many years ago a man named Ritter was killed on the railroad, and that the company in settlement with his widow built a hotel in

the space between the freight house and Main street, known as the Ritter Hotel, and she was allowed to use this free of charge as long as she lived. While the Ritter Hotel was there the passway in question was used by persons in going to and fro. But after Mrs. Ritter's death, the company tore down the Ritter Hotel, and since then the space has been vacant, and the passway has remained. The company has put in an additional track which crosses the passway and stands its trains across the passway when required in its business, although there is evidence that some of the trains would at times be cut in two so as not to obstruct the passway. There is no evidence that any one at any time ever claimed the passway as a matter of right. It was opened by the company on its own grounds and has been maintained by it for the purposes indicated. But the public have had the free and uninterrupted use of it for over thirty years, when not obstructed by the cars.

In Thompson v. Louisville & Nashville R. R. Co., 110 Ky., 973, the appellant claimed a passway along the right of way of the railroad company upon the ground that he and those under whom he claimed had used it for over forty years without question or objection by the railroad company. After citing a number of authorities on the question, the court, denying his right to the passway, said:

"There is not the slightest evidence that appellant or his vendors ever claimed or asserted a right to the use of the land in question, except by merely passing over it, and this use did not materially interfere with the use thereof by appellee. To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that its use was accompanied by a claim of right, or by such acts as manifest an intention to enjoy it without regard to the wishes of the railroad company. The record entirely fails to show such evidence in this case, and it is highly improbable that such a grant was ever made, as it is manifest that the entire right of way claimed by appellee will ultimately become absolutely essential to it in running its road, and the business of the country has rapidly developed since the road was projected, and probably in a very short time double or quadruple tracks will be necessary for the transportation of traffic over its line."

Again in Louisville & Nashville R. R. Co. v. Hagan, 141 Ky., 20, where a passway was claimed along and across the right of way, and had been used without question for thirty or thirty-five years, the court, denying the right to a passway, said:

"There is necessarily a distinction between a railroad right of way and the property of a private person as to the presumption of a grant. A private person holds his land for his private purposes; the railroad holds its right of way for public purposes. When a railroad has taken a right of way either by condemnation or by purchase, on the ground that it is necessary for the business of the road, it is not presumed that it has granted to others, property that was required for public purposes. It is a matter of common knowledge that in this country persons walk over and along railroad tracks at many points, and that the railroads permit this so long as it does not interfere with their business. But this merely permissive use of their rights of way and tracks gives such persons no legal right to a passway over them."

These cases follow Brown v. L. & N. R. R. Co., 97 Ky., 236; Thornton v. L. & N. R. R. Co., 39 S. W., 694, and C. & O. Ry. Co. v. Perkins, 47 S. W., 259.

The case of Ky. Central R. R. Co. v. City of Paris, 16 R., 170, is not inconsistent with those cited; for the opinion in that case is expressly based on the ground that the foot bridge was used only by the public and was needed in no way by the railroad company, having been built under the railroad bridge; and that it could not be doubted from the facts there shown that the railroad company provided the bridge solely for the public and intended a dedication of it to the public use.

The railway company when this passway is obstructed must otherwise provide adequate means of approach to its station; but to require it to keep open passways over its grounds when the space is needed for other purposes, might be seriously to cripple it in the discharge of its duties to the public, and under the rule laid down in the cases above cited, this cannot be done.

The motion to dissolve the injunction is sustained; and the injunction is dissolved. All concur.