Marshall, C. J.
 

 In denying injunctive relief to the railroad company, the Court of Appeals, which heard the case on evidence, based its decision upon the long-continued use of the open areaway and the attempted appropriation thereof by the ordinance of 1898 as a public taxi-stand and the ap
 
 *344
 
 parent recognition of the use thereof by the public and the acquiescence therein by the railroad company, and reached the conclusion that the public, including the defendants in error, have thereby acquired rights in said areaway by way of prescription.
 

 The sole question for determination is therefore whether the facts herein stated are sufficient to create prescriptive rights in this driveway, and whether such rights accrue to the public generally, and especially to these defendants in error. It must be borne in mind that these defendants in error claim no title in themselves to any portion of the driveway, and that they claim no rights separate from or additional to the rights enjoyed by the public generally. They are not desiring access to the trains for the purpose of becoming passengers, neither are they claiming any public utility service for themselves. It must further be borne in mind that they are not forbidden to enter such driveway for the purpose of delivering passengers or baggage to the station; neither are they forbidden to receive incoming passengers and to take them from the station, pursuant to a previous engagement. It must further be borne in mind that this driveway is not a street or thoroughfare, and that it opens only at one end into a public street; that it was originally established and always maintained for the sole purpose of ingress and egress to and from said station., It must further be borne in mind that the ordinance of 1898 was not an appropriation of property; that it was not an assertion or claim of either corporeal or incorporeal rights; that it was adopted by virtue of the police power of the city, for the
 
 *345
 
 purpose of preserving orderly government -within the city limits, and that it seeks only to regulate the business of cabs and cab drivers.
 

 The foregoing quotation from the ordinance shows that by the terms of the ordinance the city of Xenia sought to exercise a measure of domination, not only over the driveway, but also upon the station platform. An allegation appears in the pleadings to the effect that this ordinance was passed at the request of the railroad company, and that a copy of it was posted within the station building. No testimony upon this point was introduced; but in' any event the allegations of the answer would not justify a conclusion that the ordinance was ever accepted by the railroad company, or that any contract relations existed between the city and the railroad company, as a result of the adoption of that ordinance.
 

 It seems desirable to take the Court of Appeals’ opinion as the basis of our discussion. That court did not find the prescriptive right in defendants in error as a result of the ordinance alone, nor as the result of the user alone, but rather by reason of the existence of the ordinance in connection with the long-continued user.
 

 An ordinance can only be useful in establishing a right if it amounts to a grant, in which event no period of user need be shown. If on the other hand the right is based upon long-continued use, an ordinance or other form of grant would be unnecessary, unless the use were for a period less than 21 years; in which event the ordinance cannot aid, unless it does amount to a positive grant. It is apparent therefore that if either the ordinance or the use is lacking in any essential ele
 
 *346
 
 ments, the combination of the two cannot supply technical deficiencies which may exist in either. In disposing of this error proceeding, this court is not merely deciding a controversy, and is not permitted to sit as a court of equity in weighing and determining superior equities of the respective parties, but has the further task of declaring sound legal propositions, and must in any event necessarily be governed by the technical rules of law which measure prescriptive rights. We will first determine whether the ordinance amounts to a grant.
 

 It is conceded that this property which is referred to as a driveway belonged to the railroad company in fee. A dedication of the property to the use of the city cannot therefore be made except by some affirmative action of the railroad company and an acceptance thereof by the city. It is possible that an ordinance could be adopted by the city, whereby complete dominion would be exercised over property belonging to the railroad company, and that the railroad company might unequivocally accept and agree to such exercise of dominion on the part of the city, resulting in a dedication of the property of the railroad company to public use. This particular ordinance cannot be given any such force or effect. It will be observed that the ordinance purports to establish a public stand, not only in the roadway abutting upon the platform, but also on the platform itself. It should require no argument to show that the city could not have intended to exercise acts of ownership over the platform, and it is more reasonable to so construe the first section of the
 
 *347
 
 oí dinance as to make the same merely regulatory and not the exercise of dominion. The entire property of the railroad being within the city limits, it was entirely proper for the municipality to provide for the orderly conduct of drivers of vehicles in carrying passengers to and from the railroad platform. It having no power to do more than that, it will be presumed that such was the intent of the city council, and such an intent is-entirely consistent with the language employed and the purpose intended to be served as indicated by the succeeding sections of the ordinance. Even if the city had sought to exercise dominion over railroad property, no acceptance thereof, no agreement thereto, is shown on the part of the railroad company. The case of
 
 Williams
 
 v.
 
 N. York & N. Haven Rd. Co.,
 
 39 Conn., 509, discusses the necessity, not only of the dedication by the landowner, but also of the acceptance of the dedication for public use by the public. This court has also declared upon this subject in the ease of
 
 Railroad Co.
 
 v.
 
 Village of Roseville,
 
 76 Ohio St., 108, 81 N. E., 178. The syllabus of that case is as follows:
 

 “1. To show the establishment of a street by a common-law dedication, it is essential to prove clearly that the owner of the land intended to donate it for that use, and to prove also an acceptance.
 

 “2.
 
 An intention by a railroad company to dedicate a street is not clearly shown by proof that a way over its tracks and uninclosed lands had been used for about -40 years by the public, when during the entire time the way was maintained by the company, and was used by its patrons, and the use by the public was merely permissive.
 

 
 *348
 
 “3. An acceptance, by a city or village, of the dedication of a street cannot be shown by proof of user by the public, but it is essential that acts of acceptance by its proper officials be shown.
 

 “4. Title by prescription to a public street can be shown only by adverse user by the public, under a dainx of right, and uninterrupted for 21 years.
 

 “5. When a railroad company maintains a way or street over its tracks and uninclosed land for about 40 years, for the use of its patrons, and incidentally it is used also by the public, the presumption is that the user was permissive.”
 

 It has been stated, though not shown in the record, that a copy of the ordinance was posted inside the station building. Such posting becomes no part of the city records, and cannot therefore aid the ordinance in establishing a grant. If such posting of the ordinance has any effect whatever, it is that of indicating that the use of the roadway and the platform by drivers of vehicles is permissive, which subject will be discussed in its proper order. We will next consider whether the long-continued use of the roadway creates a prescriptive right in the public which will accrue to the benefit of drivers of public taxicabs.
 

 The statute of limitations is not involved in this matter, this evidently being the view of the trial court, because no reference to it is made in the opinions, and it is evidently the view of counsel for defendants in error, because no statute of limitations is pleaded. It is conceded that the use has been for approximately 60 years. But under the former decisions of this court 21 years is a sufficient period of time if other elements of
 
 *349
 
 prescriptive rights exist; that period having evidently been fixed by analogy to the statute of limitations.
 

 It only remains to determine the character of user necessary to create a prescriptive right in favor of the public in property belonging to a railroad company. Some authorities hold that no prescriptive rights can arise against a railroad company after such company has acquired its right of way, because it would be
 
 ultra vires
 
 of a railroad company to grant such an easement, and this rule has even been declared by statute in the state of Massachusetts. The overwhelming weight of authority, however, is the other way, and in the usual and ordinary casé of a crossing or way used by a portion or all of the public, where the way is open at both ends, and its use has no relation to the service being rendered by the railroad, there is no sound reason why the general principles applicable to prescriptive rights should not attach to crossings and ways over railroad property. This record discloses no such case. The way is not open at both ends, and it leads nowhere, except to the platform of the railroad station, and the way was originally opened and has always been maintained by the company for purposes of ingress and egress for the accommodation of the patrons of the railroad. The elements of a prescriptive right do not clearly differ from the elements of title by adverse possession, and yet there is one important essential difference. Prescription relates to incorporeal rights, while adverse possession applies to an interest in the title to the property.
 

 A prescriptive right is acquired by open, notor
 
 *350
 
 ions, continuous, and adverse use for a period of 21 years. The title by adverse possession depends upon all of those elements trith the additional element of exclusive possession. It is not doubted upon an examination, of this record that the public has used this driveway for the period of 60 years, and that such use has been open, notorious, and continuous, but we are unable to find any evidence that the use has been adverse. That it is necessary that the use should be adverse, all the authorities are in perfect harmony. This court has so declared in
 
 Gill
 
 v.
 
 Fletcher,
 
 74 Ohio St., 295, 78 N. E., 433, 113 Am. St. Rep., 962;
 
 Railroad Co.
 
 v.
 
 Roseville,
 
 76 Ohio St., 108, 81 N. E., 178;
 
 Smith
 
 v.
 
 P., C., C. & St. L. Ry. Co.,
 
 5 Ohio Cir. Ct. R., (N. S.), 194, 16 O. C. D., 44, affirmed by this court, without opinion, 73 Ohio St., 391, 78 N. E., 1137;
 
 Pavey
 
 v.
 
 Vance,
 
 56 Ohio St., 162, 46 N. E., 898. The character of use enjoyed by the public as shown by this record is only that of going to and from the railroad station as patrons of the railroad company by means of a driveway established for that purpose which so far as this record discloses is the only means of ingress and egress for vehicles. It seems very clear, therefore, that this use is not adverse, but rather permissive. If the use is permissive no prescriptive rights can be predicated upon such use.
 
 McCreary
 
 v.
 
 Boston & Maine Rd. Co.,
 
 153 Mass., 300, 26 N. E., 864, 11 L. R. A., 359;
 
 Currie
 
 v.
 
 Bangor & Aroostook R. Co.,
 
 105 Me., 529, 75 A., 51;
 
 Hastings
 
 v.
 
 Chicago, R. I. & P. Ry. Co.,
 
 148 Iowa, 390, 126 N. W., 786;
 
 Chicago, Burlington & Quincy R. Co.
 
 v.
 
 Ives,
 
 202 Ill., 69, 66 N. E., 940; L.
 
 & N. R. Co.
 
 v.
 
 Hagan,
 
 
 *351
 
 141 Ky., 20, 131 S. W., 1018, 35 L. R. A., (N. S.), 189;
 
 Pavey
 
 v.
 
 Vance,
 
 56 Ohio St., 162 (Syl.), 174 (Opin.), 46 N. E., 898;
 
 Smith
 
 v.
 
 P., C., C. & St. L. Ry. Co.,
 
 5 Ohio Cir. Ct. R., (N. S.), 194, 16 O. C. D., 44.
 

 No reported case of this court or of any other Ohio court is found involving facts parallel to the case at bar, but similar facts have been before other courts. In the case of
 
 L. & N. R. Co.
 
 v.
 
 Childers & Only,
 
 155 Ky., 652, 160 S. W., 260, 48 L. R. A. (N. S.), 903, it was held that there is no presumption of a grant of a passway to the public over the right of way of a railroad from a mere use by the public of. the passway for 30 or 40 years. The same principle was declared in
 
 Williams
 
 v.
 
 N. York & N. Haven Rd. Co.,
 
 39 Conn., 509, and in
 
 Loomis
 
 v.
 
 Connecticut Ry. & Lighting Co., 78
 
 Conn., 156, 61 A., 539.
 

 The only conclusion which can be reached from the foregoing well-established principle is that the use by the public of this, driveway has been permissive, and in no sense adverse, and that it does not establish a prescriptive right.
 

 "We are therefore brought to a consideration of the question whether under such circumstances the railroad company can contract with a transfer company for the exclusive right to use this driveway and exclude all others from similar rights; provided there is no denial of the right of other transfer companies to deliver passengers and baggage to the railroad company, and to receive passengers and baggage therefrom pursuant to previous arrangement. That a railroad has such right under such circumstances has been decided by the
 
 *352
 
 Supreme Court of the United States in
 
 Donovan
 
 v.
 
 Pennsylvania Co.,
 
 199 U. S., 279, 26 S. Ct., 91, 50 L. Ed., 192, and by this court in
 
 State, ex rel.,
 
 v.
 
 Union Depot Co.,
 
 71 Ohio St., 379, 73 N. E., 633, 68 L. R. A., 792, Ann. Cas., 186.
 

 The judgment of the Court of Appeals and that of the common pleas must therefore be reversed, and it is the duty of this court to render the judgment which the trial court should have rendered, and order a perpetual injunction against the defendants in error.
 

 Judgment reversed,.
 

 Eobinson, Jones, Matthias, Day, Allen, and Conn, JJ., concur.