No. 288

NYE v. TAYLOR et

Ohio Appeals, 9th Dist., Lorain Co.

No. 359. Decided Oct. 24, 1925

445. EASEMENTS—Continuous adverse use of land as driveway for a period of 21 years or over creates an easement in said land.

45. ADVERSE POSSESSION—No title by adverse possession unless use for 21 years or over was exclusive.

PARDEE, P. J.

David J. Nye brought this action in the Lorain Common Pleas to restrain Arthur B. Taylor from obstructing a driveway between the properties of these two parties. Nye claimed that this driveway was used by him and his predecessors in title for more than twenty-one years.

Evidence disclosed that this driveway was in common use by the owners of these two ad-

joining lands for about seventy years, and that Nye had used said driveway for over forty years.

This driveway had originally been made by the owners of the two tracts of land by each taking five feet of his land and converting the two five foot strips into a joint drive.

Under these facts Nye claimed a right to the use of said driveway by right of adverse possession. On appeal, the Court of Appeals held:

1. Owing to the length of time this strip of land had been used by Nye, and as it was used openly, notoriously and adversely he had acquired an easement therein.

2. As there was no exclusive possession, but land was used jointly with the owner of the adjoining land, he did not acquire adverse possession.

3. An easement by prescription may be acquired by open, notorious, continuous, adverse use for a period of 21 years (111 OS. 341.)

4. The title by adverse possession depends upon all those elements with the additional element of exclusive possession.

5. A prescriptive right differs from adverse possession in that prescription relates to incorporeal rights while adverse possession applies to an interest in the title to property.

Judgment accordingly.

Attorneys—D. J. Nye and H. H. Nye for Nye; Fauver & Cheney for Taylor; all of Elyria.