## Louisville & N. R. Co. v. Williams.

(Decided Feb. 16, 1932.)

(As Modified on Denial of Rehearing Nov. 22, 1932.)

ASHBY M. WARREN, J. P. HAMILTON, H. T. LIVELY, and MORRIS & JONES for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

E. M. Williams filed three separate suits against the Louisville & Nashville Railroad Company to recover damages for alleged injuries to his property, and for the destruction of a retail coal business. The railroad company was required to raise its old bridge across the Kentucky river in the city of Frankfort. It raised the old bridge and constructed a new one which necessitated some changes in the grade of the street that intersected the railroad right of way, and on which the property of Williams abutted. It became necessary also to relocate a county road and some of the railroad tracks. The property of the plaintiff adjoined the railroad right of way. The cases were based upon claims of damage from three separate sources, namely, blasting, changing the grade of the adjacent street, and the destruction of a retail coal business by obstructing the only means of ingress and egress to and from the coal yard. The cases were consolidated and tried together, resulting in a verdict in favor of the plaintiff in each case. Two of the judgments have been satisfied, and the present appeal is from a judgment for $900 in favor of the plaintiff to compensate for the destruction of his retail coal business. The plaintiff acquired the land in 1902 and erected a fence and other improvements to facilitate the conduct of the business. The railroad immediately complained that the plaintiff's fence and other improvements were upon a portion of its right of way. The plaintiff did not insist that his fence was on the line, but admitted that it inclosed a portion of the right of way. The coal yard was served by a macadamized roadway that was partly on the railroad right of way, and partly within the inclosure. When the situation was discovered, a lease was given to the plaintiff whereby he was permitted to maintain his fence and to use the portion of the right of way included therein for a nominal annual rental. The lease was for a term of six years, but was continued in force until after the trial of this action. It was subject to cancellation by the defendant at any time by giving notice ninety days in advance of the date of termination. The lease authorized the plaintiff to inclose, use, and occupy the portion of the right of way which was included within the fence he had already erected. The lessee covenanted to hold the land in subordination to the title of the railroad and to deliver up the peaceful and quiet

possession of the land leased at the expiration or termination of the lease. Beginning in May, 1928, and continuing for several months, the railroad company obstructed the roadway leading into the coal yard so that it could not be used for the purposes of the plaintiff, and it was impossible for him to carry on his usual business. He claims that during the period mentioned he lost his customers and suffered a complete destruction of his business. The sole question urged upon this appeal is whether a peremptory instruction should have been given in favor of the railroad company. It rests its right to such an instruction upon the two grounds: (1) That the plaintiff did not own the portion of the obstructed road which was built upon the railroad right of way; and (2) that the obstruction of the road did not interfere with or damage the plaintiff's business.

It is clear from the record that the plaintiff did not have title to that portion of the right of way included within his fence. His paper title called for the railroad right of way as the dividing line, and when the railroad insisted that his fence was located on its right of way he readily assented, and accepted a lease of such land for the purposes of his business. He could not by adverse possession acquire title to property which he held under lease, Moore v. Brandenburg, 234 Ky. 400, 28 S. W. (2d) 477, even if under any circumstances title to a railroad right of way could be obtained by adverse possession. The right of way of a railroad company is acquired for public use, and possession thereof by others suffered by the railroad company must be deemed permissive and will not support the necessary presumption of a grant, in the absence of positive notice brought home to the railroad company. Thompson v. L. & N. R. Co., 110 Ky. 973, 63 S. W. 42, 23 Ky. Law Rep. 476; Louisville & N. Ry. Co. v. Hagan, 141 Ky. 20, 131 S. W. 1018, 35 L. R. A. (N. S.) 189; Louisville & N. Ry. Co. v. Childers & Only, 155 Ky. 652, 160 S. W. 260, 48 L. R. A. (N. S.) 903; Louisville & N. Ry. Co. v. Cornelius, 165 Ky. 132, 176 S. W. 964; Cf. Trustees of Cin. Southern Ry. Co. v. Slaughter, 126 Ky. 492, 104 S. W 291, 31 R. 913. But it does not follow that the appellant was entitled to a peremptory instruction. The plaintiff had the exclusive right to the use and possession of the roadway, including the portion thereof that was on the railroad right of way and the appurtenant right of access from

the public street. Humphreys v. McKissock, 140 U. S. 304, 11 S. Ct. 779, 35 L. Ed. 473; Wade v. Herndl, 127 Wis. 544, 107 N. W. 4, 5 L. R. A. (N. S.) 855, 7 Ann. Cas. 591; Talbott v. English, 156 Ind. 299, 59 N. E. 857. A portion of it was owned by him, and the other portion was granted to him by the terms of the lease. For any injury to his possession, a tenant has a right of action. 36 C. J. sec. 688, p. 68; Walden v. Conn, 84 Ky. 312, 1 S. W. 537, 8 Ky. Law Rep. 281, 4 Am. St. Rep. 204.

In the case of Green v. Hammock, 16 S. W. 357, 13 Ky. Law Rep. 145, a vacant lot had been leased to Moore, and a purchaser thereof from the landlord forcibly entered upon the premises. Moore sued for the trespass, and in dealing with the situation this court said:

"Our statute makes a conveyance of land, when adversely held, void. The sale by Moore to Hammock is not so, however, because Green was not holding adversely to Moore. He was his tenant. He was for this reason, however, lawfully in possession; and one may often maintain trespass though not invested with title. Aside from Green's right to the mill building, his possession was a lawful one. It was, for the time being, his close. He could be dispossessed only by legal means. One entering by force upon his rightful possession was guilty of trespass and liable to him for damages. * * * The law does not permit the owner of land to take possession by force. If he does so, instead of resorting to his legal remedy, he must answer in damages."

The railroad company had a right under the lease to give a notice of cancellation, which would end the lease in ninety days; but until the lease was canceled the tenant had the exclusive right of possession and any obstruction thereof was a trespass, for which damages could be recovered from the wrongdoer. The Fischer-Leaf Co. v. Caldwell, 15 Ky. Law Rep. 542; McGee v. Gibson, 2 B. Mon. 353. It is said, however, that the evidence did not manifest any injury to the plaintiff's business resulting from the obstruction of the roadway. The testimony tended to show that the road was made impassable by the obstructions and access to the coal yard was entirely destroyed. It was for the

jury to determine from the evidence whether such obstruction of the roadway was the proximate cause of injury to plaintiff's business, and the court, under the circumstances, could not properly give a peremptory instruction for the defendant.

The judgment is affirmed.