Zimmerman, J.,
dissenting. As is pointed out in the majority opinion, this is the first time the precise question here involved has been before this court. A situation is presented where two friendly neighbors owned adjoining residence properties. At the suggestion of one of them and by mutual oral agreement each contributed a part of his land to form a common driveway and each contributed to the cost of constructing it. There was nothing hostile or adverse in the creation of the driveway or in its subsequent use by such adjoining-property owners, nor was there any claim of absolute right by either in the other’s property.
In a situation of this kind the writer is of the opinion that no adverse use occurs but merely a revocable parol license and that, therefore, no easement by prescription can arise.
It is elementary that a permissive use of a right of way over another’s land will not ripen into an easement by prescription no matter how long continued. Pennsylvania Rd. Co. v. Donovan, 111 Ohio St., 341, 145 N. E., 479; 28 Corpus Juris Secundum, 666, Easements, Section 18 d; 17 American Jurisprudence, 978, Section 67.
Upon such basis, the writer entertains the view that the sounder and more cogent reasoning is found in those cases which hold that a parol agreement by the owners of adjoining lots establishing a driveway for their mutual convenience, a part of such driveway being on each lot, constitutes no more than a license revocable by either party, and the mere acquiescence for a long term of years in such joint use does not create title by prescription in and to the land of the other in either party.
Attention is directed to the Michigan and Illinois cases cited in the majority opinion and to the cases, not inconsiderable in number, found in the annotations in 98 A. L. R., 1098, 1103, and 27 A. L. R. (2d), 332, 351, 359.
*486 Moreover, the conclusion reached herein is in harmony with expressions by this court in Yeager v. Tuning, 79 Ohio St., 121, 86 N. E., 657, 19 L. R. A. (N. S.), 700, 128 Am. St. Rep., 679, and Fowler v. Delaplain, 79 Ohio St., 279, 87 N. E., 260, 21 L. R. A. (N. S.), 100.
Stewart, J., concurs in the foregoing dissenting opinion.