OPINION
Appellants Daniel and Elizabeth Varner appeal the decision of the Court of Common Pleas, Tuscarawas County, finding in favor of appellee in an action to quiet real estate title. Appellee is Richard Margo, substitute plaintiff, who is the owner of 8.231 acres of land in Franklin Township, Tuscarawas County. The relevant facts leading to this appeal are as follows. This case involves a dispute over adjacent properties on Franklin Township Rd. 425. Appellee obtained his aforementioned 8.231 acre tract (the "Margo property") from Rhonda Featheringham in 1998. Featheringham had in turn purchased the tract from the Penn Central Railroad on April 5, 1993. The Margo property had apparently once contained railroad tracks, which have long since been removed. Appellants are the owners of a 2.19 acre tract (the "Varner property") immediately to the east of the Margo property. Appellants acquired the Varner property from Margaret and Eldred Baker, Elizabeth Varner's grandparents, on June 19, 1995. The Bakers obtained the Varner property in the spring of 1969, and placed thereon a driveway, a concrete pad and a mobile home in which they resided. Unfortunately, a severe flood struck the area on July 4, 1969, causing damage to the Bakers' mobile home. The Bakers thereafter obtained another mobile home and placed it on higher ground, pursuant to a lease with Penn Central, on land which at that time was owned by the railroad. The Bakers also constructed a cement block building to enclose a well and later a workshop. In 1990, appellants placed their own mobile home on the original concrete pad on the Varner property. This was replaced with an even larger model in 1998. However, according to surveys performed by Ronald L Smith, a registered surveyor, appellants' mobile home encroaches onto the Margo property, as does most of the driveway, which actually cuts across the northeast corner and edge of the Margo property. On June 14, 1996 Rhonda Featheringham filed an action to quiet title in the Tuscarawas County Court of Common Pleas. Appellants entered a denial and asserted the defense of adverse possession. Appellants also filed a counterclaim asserting adverse possession and demanded a money judgment for Featheringham's use of the septic system and water well. Appellee later entered the case as substitute plaintiff for Featheringham. A trial was held on December 15, 1998. On February 24, 1999, the trial court granted judgment in favor of Appellee Margo, substitute plaintiff, and overruled appellants' counterclaims. Appellants timely appealed and herein raise the following Assignments of Error:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FINDING THAT THE DEFENDANT-APPELLANT FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE ELEMENTS OF ADVERSE POSSESSION.
 II. THE TRIAL COURT HAS FAILED TO MAKE FINDINGS OF FACTS SUFFICIENT TO SUPPORT THE CONCLUSIONS OF LAW AS REQUESTED BY THE APPELLANT IN THEIR (SIC) MOTION FOR SAME PURSUANT TO CIVIL RULE 52.
 I.
In their First Assignment of Error, appellants argue that the trial court erred in ruling against them in their adverse possession claim. We disagree. To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. Grace v. Koch (1998),81 Ohio St.3d 577. Failure of proof as to any of the elements results in failure to acquire title by adverse possession. Id. at 579, citing Pennsylvania Rd. Co. v. Donovan, 111 Ohio St. 341, 349-350. It "is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character." Humphries v. Huffman (1878), 33 Ohio St. 395, 402. We find no error in the trial court's conclusion that appellants failed to establish, by clear and convincing evidence, the existence of continuous possession of the driveway and concrete pad portions on the east edge of the Margo tract by appellants or their predecessors in interest, the Bakers. At trial, both appellants took the stand. Mr. Varner, who was born in 1967, had been familiar with the particular area for approximately fifteen years as of the 1998 date of hearing. He had entered the picture too late to recall the original Baker mobile home, but remembered the following as indicated during direct examination:
 Q. What was on the land where the mobile home was when you first bought the land or acquired it?
A. Just the one below?
Q. Uh-huh.
 A. Like I said, the only thing that was down there was the — there was a cement pad and grandpap's pickup truck with a camper and a building and a garden and the apple trees.
 Q. Was this truck and the camper parked there or just temporarily one day or what was the reason for it being there?
 A. No, he used it for a get-away. He'd put the — he'd take the camper off the back of the truck and park it on the cement pad and then once and awhile he'd drive his truck and he'd go places.
Tr. at 144.
Mrs. Varner, who was eight years old in 1976, had personal knowledge that from 1976 to 1990 there was no mobile home on the concrete pad of the Varner property. She also indicated that the mobile home placed on the property in 1990 was 14' x 70', clearly much larger than her estimated size of the concrete pad, 8' x 20'. Charles Adams, a neighbor from across the street, similarly testified at the behest of appellee. His recollection was that from 1974 to 1988 or 1990 there was no mobile home on the Varner property itself. Thus, even if Mr. Baker made occasional excursions on the Varner property after the removal of the first mobile home in the mid-seventies, the testimony clearly indicates that he no longer maintained the disputed area for residential purposes. In reviewing the 1976 to 1990 period of the Varner tract's history, we are reminded of our holding in McConachie v. Meeks (Sept. 21, 1999), Richland App. No. 98CA90, unreported, where we approved a trial court's denial of an adverse possession claim: At best, appellant's use of the land was intermittent as is evidenced by the fact that appellant testified that he used the lane through the triangle of property ten to twenty times a year to access his own property, that, when the mood struck him, he took quiet walks on the same and that he gathered fallen wood. Id. at 3.
In emphasizing the necessity of a more rigorous standard in these types of cases, the Supreme Court noted: A successful adverse possession action results in a legal titleholder forfeiting ownership to an adverse holder without compensation. Such a doctrine should be disfavored, and that is why the elements of adverse possession are stringent. Grace, supra, at 580.
In light of this stringent standard, we find no error in the trial court's decision based on the insufficiency of evidence demonstrating continuous use or possession by appellants' predecessor in interest. The evidentiary insuffiency regarding the continuity element alone supports the trial court's finding. Pennsylvania Rd. Co., supra. Based on our holding herein, we need not address appellants' specific challenge to the trial court's holding regarding the impact of appellants' alleged long-standing "impression" that they owned the disputed property. Appellants' First Assignment of Error is overruled.
 II.
In their Second Assignment of Error, appellants contend that the trial court's findings of fact, as requested pursuant to Civ.R. 52, are insufficient to support the trial court's conclusions of law. We disagree. Appellants focus their arguments on an alleged inconsistent "survey" drawing apparently completed by Pyle Surveying of New Philadelphia. The drawing itself, a copy of which is attached to appellants' brief, indicates that "[t]his sketch was prepared from R.R. R/W Plans and Tax Maps and deeds shown hereon and is NOT the result of a field survey." (Emphasis sic.) Thus, the issue presented is not that of favoring one valid survey over another. Moreover, upon meticulous review of the record on appeal, we are unable to conclude that this drawing was ever entered as an exhibit prior to its attachment to appellants' new trial motion, or that it was even the subject of any significant testimony at trial. Our review on appeal is limited to those materials in the record which were before the trial court. See State v. Ishmail (1978), 54 Ohio St.2d 402. Since the drawing in question was not part of the record in this matter when the trial court rendered its judgment, this court cannot consider it on appeal. Appellants' argument is without merit. Appellants' Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Tuscarawas County, is hereby affirmed.
GWIN, P.J., and HOFFMAN, J., CONCUR.