{¶ 78} As I find that the trial court erred in failing to grant summary judgment to the Zimmermans because there was no evidence of an easement by prescription or estoppel, I respectfully dissent in part. I concur in finding the third assignment of error well-taken, but would also find the first and second assignments of error well-taken. As a result, I would reverse the judgment below.
 {¶ 79} In denying the cross-motions for summary judgment, the trial court stated there were issues of "fact and law" as to the "creation of prescriptive rights." Nevertheless the parties had filed cross-motions for summary judgment. Depositions of Donald Zimmerman, Mark Schmiehausen and the owners of the Thierwechter property were before the court and contained no issues of material fact; judgment should have been rendered on the law.
 {¶ 80} The deposition testimony of David Thierwechter was offered in support of the appellants' summary judgment motion. He recounted, without contradiction, the circumstances that led to his installation of the drainage pipe in 1959. Gooderman, the previous owner of Zimmerman's property gave Thierwechter permission to place the drain tile. No money exchanged hands; no real estate interest was recorded. The property was used for approximately 39 years and no one presented evidence of modification, limitation or revocation of this undisputed permission.
 {¶ 81} In reviewing the case de novo, the majority finds that the interest created is an easement, and thus breaches the warranty relating to encumbrances in the general warranty deed. This conclusion, however, flies in the face of the principle established in Pennsylvania Rd. Co. v. Donovan (1924),111 Ohio St. 341. "An easement by prescription may be acquired by open, notorious, continuous, adverse use for a period of 21 years. Such use never ripens into a prescriptive right unless the use is adverse and not merely permissive." Id. at paragraph one of syllabus (emphasis added). This court has considered the issue of "ripening" of a prescriptive easement before in Papesh v. GemBoat Service, Inc. (Aug. 31, 1990), 6th Dist. No. OT-89-18. (Permission defeats the existence of a prescriptive easement.)
 {¶ 82} As I would find that the drain tile was installed with permission of the landowner, it was not an encumbrance, but a revocable license. I would find summary judgment should have been granted. I would, therefore, find the first, second and third assignments of error well-taken, and would reverse the judgment in its entirety.