BARNHART v DETROIT, TOLEDO &
IRONTON RD CO

Ohio Appeals, 4th Dist, Lawrence Co
Decided November 12, 1929

Messrs. A. R. Johnson and Wayne Elkins, Ironton, for Barnhart.
Messrs. Wallace Visscher and Corn and Jenkins, Ironton, for Rd Co.

BY THE COURT

The dividing line between the two properties has in part been long fixed by a stone wall or fence, and we find that that fence constitutes the division line so far as it runs. The claim of the plaintiff is that from a point near the upper end of the stone wall she and her predecessor have acquired title to a small parcel of land by reason of a fence erected by plaintiff's predecessor which took from the defendant a strip of something like twenty feet and which strip was cultivated by both plaintiff and her predecessor. The

concrete question then is as to whether or not the plaintiff and her predecessor in title made such use of this strip as would amount to a disseisin of the defendant.

The plaintiff bought the adjacent property some fifteen years ago at a time when the fence referred to had already been destroyed and of which only traces were left. She cultivated the strip four years and caused it to be cultivated by another for one additional year. Manifestly, therefore, she must avail herself of the adverse occupancy by her predecessor in order to make good her claim. In this behalf she relies upon the conduct of her uncle, James Sisler, who was her predecessor in title and who built the fence in question. Mr. Sisler says that he built the fence along about 1888 and that he cultivated the land in question. During part of that time he was a section hand of the owner of the railroad. He does not testify that he put up the fence under any claim of ownership but "because there was some stock running out". During all this time the railroad had no need to occupy the property for any purpose and was only interested in keeping down vegetation that would increase the fire hazard. It is to be borne in mind that when one who has no claim to another's property, except that he has adversely occupied it for the prescribed period, such person must make it manifest that he is asserting a purpose to dispossess that other in order that the real owner may be aware of the danger that he is encountering. The possession, therefore, to be adverse must be in some way hostile to the interests of the person about to be disseised. As it has been put in striking language:

> "The disseisor must unfurl his flag on the land and keep it flying so that the owner may see, if he will, an enemy has invaded his domains and planted the standard of conquest."
> **1 R. C. L. 693.**

The possession of the plaintiff and her predecessors was not so adverse to the defendant's interests as to require the defendant to make any move in the premises until it had occasion to use its land. There is nothing to indicate that Sisler put up or kept up the fence because he claimed the property that clearly did not belong to him, but only because he did not want stock to wander onto the railroad track. Plaintiff has consequently not made a case. The petition is dismissed.

The defendant has by cross petition sought to quiet title. The plaintiff claimed in opening the case in the Common Pleas that the defendant could not quiet title because it was not in possession and would have to resort to ejectment. On page 20 of the record, however, the plaintiff testifies that the defendant was in actual possession of the property when suit was brought because she testifies that she told the railroad employes to get off. Inasmuch as the defendant had a right to possession and was actually upon the ground it had such possession as enables title to be quieted.

A decree will be entered in accordance with the prayer of the cross petition.

Middleton, PJ., Mauck and Blosser, JJ., concur.