OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. The Appellant Christopher Smith appeals the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of the Appellee Mill Creek Metropolitan Park District. With this appeal, Smith argues that the trial court erred in granting summary judgment as there were genuine issues of material fact regarding the existence of a prescriptive easement over Mill Creek's property. Because Smith has demonstrated that his use of the driveway in question was sufficiently adverse to survive summary judgment, we reverse the decision of the trial court.
 Facts {¶ 2} This case originated when property owned by Smith, which he purchased from Emilio Sebastiani, was landlocked when Mill Creek purchased and fenced off a railroad right-of way that Smith had been using to access his property. In constructing a bike path over the right-of-way, Mill Creek removed a gravel driveway that had been placed over the right-of-way and used for over 78 years by Smith and the previous owners.
 {¶ 3} Prior to Smith purchasing the property, Leo Johnson had owned the land for approximately 39 years. In that time, Johnson built a home on the property and used the railroad right-of-way as the sole means of ingress and egress to the property. Johnson placed gravel on the driveway and continued to maintain the driveway while he resided on the property. In addition, electric poles were installed next to the driveway leading back to his home and a mailbox was placed at the end of the driveway. Johnson testified that he would sometimes talk with the railroad employees but that they never mentioned his use of the driveway.
 {¶ 4} On April 30, 1998, Emilio Sebastaini, who had purchased the property from the Johnson family, sold the property to Smith who continued to use the driveway. On August 23, 2000, Mill Creek purchased the right-of-way from the railroad and began to construct a fenced in bike trail which physically prevented Smith from gaining access to his property. Smith filed suit against Mill Creek asserting several causes of action, namely constructive eminent domain, trespass, negligence, prescriptive easement, and adverse possession. Mill Creek filed a motion for summary judgment asking that the trial court dismiss all of these claims, which the trial court granted.
 Prescriptive Easement {¶ 5} On appeal, Smith has presented this court with two "arguments". The first of which asks this court to decide:
 {¶ 6} "Whether Trial Court erred in finding that there was no genuine issue of fact to support the Plaintiff's adversity claim."
 {¶ 7} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel,Inc. (1999), 135 Ohio App.3d 301, 304.
 {¶ 8} When moving for summary judgment, a party must produce some facts that suggest that a reasonable fact-finder could rule in her favor. Brewer v. Cleveland Bd. of Edn. (1997),122 Ohio App.3d 378, 386. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293.
 {¶ 9} In the present case, the trial court granted summary judgment based on Smith's failure to establish the existence of a prescriptive easement. In order to establish an easement by prescription, a claimant must show, by clear and convincing evidence, a use of the disputed property that is: (1) open; (2) notorious; (3) adverse; and (4) continuous for twenty-one years.Coleman v. Penndel Co. (1997), 123 Ohio App.3d 125, 130. Here, Mill Creek concedes that the use of the driveway was open, notorious, and continuous. However, they contest the fact that the use was adverse.
 Adverse Use {¶ 10} Hostile or adverse use is any use inconsistent with the rights of the owner. Vanasdal v. Brinker (1985),27 Ohio App.3d 298, 298. "A use is adverse where one uses a way over the land of another, without permission, as a way incident to his own land and continues to do so with the knowledge of the owner."Hindall v. Martinez (1990), 69 Ohio App.3d 580, 584. A use is not adverse when the use is by permission or accommodation of the owner. Id.
 {¶ 11} Here, Smith presented evidence that the driveway had been used as the sole means of ingress and egress to the property. Accordingly, vehicles were repeatedly driven over the strip of land. The prior owner also added gravel to the driveway, plowed the driveway, and installed a mailbox at the end of the driveway.
 {¶ 12} Mill Creek claims that this evidence is not sufficient to demonstrate adverse use, especially against a railroad. Mill Creek explains that, because railroad right-of-ways are often subject to public use which is not inconsistent with the railroad's own use of its property, special rules have been developed making it even more difficult to establish adverse use of a railroad right-of-way.
 {¶ 13} Mill Creek then cites to a section from Ohio Jurisprudence which states that the occupancy of a railroad right-of-way by the abutting owner is not adverse so long as the railroad company does not need the land." However, the case that Ohio Jurisprudence cites to for that proposition, Barnhart v.Detroit, Toledo Ironton Rd. Co. (1929) 8 Ohio Law Abs. 22, denied an adverse possession claim based on the claimant's failure to sufficiently put the railroad on notice that he intended to dispossess the railroad of its land, not because the railroad did not need the land at the time. It is clear that theBarnhart court is basing its decision on that issue from the following statement that:
 {¶ 14} "The concrete question then is as to whether or not the plaintiff and her predecessor in title made such use of this strip as would amount to a disseisin of the defendant." Id. at 1. The court answers that question by explaining that the possession was not so adverse as to require the railroad "to make any move in the premises until it had occasion to use its land." Id. at 2. Thus, the court decided not to grant possession of the property to the claimant based on her level of adversity of use. It would appear that in the Barnhart case that the court placed such a great emphasis on adversity because the claimant was attempting to acquire title to the land. That is not the case here as Smith is merely asking for an easement. Thus, we conclude the decision in Barnhart to be largely irrelevant to our resolution of this case.
 {¶ 15} Next, Mill Creek cites to an old Ohio Supreme Court case, Pennsylvania Railroad Co. v. Donovan (1924),111 Ohio St. 341, where the court held:
 {¶ 16} "Where a railroad station does not have its platform located in close proximity to a street or highway, and for the purpose of affording access to such platform for the accommodation of vehicles and other patrons of the carrier opens a driveway from the street to such platform, which driveway does not open into any other street, the use of such driveway by such patrons is permissive use only, and does not ripen into a prescriptive right." Id. at 342.
 {¶ 17} Mill Creek interprets this to mean that any use of railroad property that is permissive cannot ripen into a prescriptive right. However, the Donovan court is merely stating that a business can allow ingress and egress to its patrons without inadvertently surrendering property rights to those same patrons. It makes sense that stricter standards would apply when claimants attempt to hinder the operation of a railroad by staking claim to railroad property. Public policy would dictate that it should not be easy for an individual to shut down an entire railroad simply because they have been permitted to drive back and forth over its tracks or were permitted to gain access to its services by means of a driveway.
 {¶ 18} Notably, the Supreme Court recognized the difference between property claims that might interfere with the operation of the railroad and the more innocuous claims like the one presented in this case that would not affect the railroad in any way. More specifically, the court explained that "in the usual and ordinary case of a crossing or way used by a portion or all of the public, where the way is open at both ends, and its use has no relation to the service being rendered by the railroad, there is no sound reason why the general principles applicable to prescriptive rights should not attach to crossings and ways over railroad property." Id. at 349.
 {¶ 19} This appeal represents such a usual case and, accordingly, general principles regarding prescriptive rights should be applied as opposed to the much more stringent ones cited in the older railroad cases. Mill Creek would argue, however, that Smith's claim would still fail as they believe his use and the prior owner's use was not sufficiently adverse. We disagree.
 {¶ 20} In Chappell Zimmerman, Inc. v. Schiller (Mar. 20, 2002), 7th Dist. No. 01C-O-19, this court found the continuous use of a private road, along with some maintenance of the road, constituted an adverse use of the road sufficient to create a prescriptive easement. This court based its decision on the following evidence:
 {¶ 21} "Ned Chappell (Chappell), appellee's former owner and current president, testified that appellee has been using the road continuously, six days a week, since in 1960. Chappell testified that he originally believed that appellee had an agreement with Pennzoil to use the road but later realized he was mistaken. He stated that he searched appellee's corporate records but could not find any indication of an agreement with Pennzoil. He also testified that he was never involved in any negotiations regarding the use of the road. Chappell stated that appellee maintained the road as a good neighbor policy by filling holes and oiling it down. Finally, Chappell testified that there is no agreement, verbal, written, or otherwise regarding the use of the road." Id. at 3.
 {¶ 22} This court concluded that the appellee proved that it used the road over the Pennzoil property, without permission, as a way incident to its own land and continued to do so with the knowledge of the owner (Pennzoil) for well over twenty-one years. It further found that the appellant failed to demonstrate that appellee ever had permission from Pennzoil to use the road. Consequently, this court upheld the trial court's decision finding that there was in fact a prescriptive easement created by the use of the road.
 {¶ 23} Following the precedent set in Chappell, we find the continuous use and maintenance of the driveway to be sufficiently adverse to establish a prima facie case for a prescriptive easement. That does not end our analysis, however, as Mill Creek must still be given the opportunity to rebut this claim by demonstrating permissive use. Pavey v. Vance (1897),56 Ohio St. 162, paragraph one of the syllabus.
 {¶ 24} With regards to this burden, Mill Creek claims that the railroad acquiesced to the use of the driveway explaining that the prior owner used to "pass the time with members of the railroad crew who saw him using the driveway." However, "acquiescence by the property owner with knowledge of the use does not negate a claim for prescriptive easement." Schmiehausenv. Zimmerman, 6th Dist. No. OT-03-027, 2004-Ohio-3148 at ¶ 29, citing Gerstenslager v. Lloyd (Feb. 15, 1995), 9th Dist. No. 16814, 1995 WL 66284, at 3. See also Wood v. Kipton 9th Dist. No. 04CA008538, 2005-Ohio-1816; Schmiehausen v. Zimmerman (June 18, 2004), 6th Dist. No. OT-03-027.
 {¶ 25} Even if mere acquiescence were enough, Mill Creek has failed to establish that just because some of the railroad crew saw Johnson using the driveway, that these employees were in any position to deny Johnson the right to use the driveway. Accordingly, we conclude that Mill Creek has failed to sufficiently rebut Smith's claim that his use of the driveway was adverse and that the trial court erred in finding that there were no genuine issues of material fact regarding whether a prescriptive easement was created in this case.
 {¶ 26} As his second argument, Smith asks this court to decide:
 {¶ 27} "Whether the Trial Court erred in determining that there was no issue of fact to support the Plaintiff's claim for easement."
 {¶ 28} With this argument, Smith claims that language found in an October 8, 1969 deed purportedly created an easement along what is now the bike trail. The deed states:
 {¶ 29} "It is also mutually understood and agreed and said first parties reserve the right of way from a railroad from said Henry D. Smith present coal mine along or near the north line of said first place of land to the Niles and New Lisbon Railroad by paying for compensation to said second parties to the same."
 {¶ 30} Smith is correct in his assertion that an easement was created by that language. However, Mill Creek correctly points out that it is an easement granted across Smith's land, not an easement leading to Smith's land. Therefore, that particular easement is irrelevant to this dispute and Smith's second assignment of error is meritless.
 {¶ 31} Accordingly, the judgment of the trial court granting summary judgment to Mill Creek is reversed and this cause is remanded for further proceedings.
Donofrio, P.J., concurs.
Vukovich, J., concurs.