DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals from a judgment of the Huron County Court of Common Pleas, quieting title to a disputed strip of property claimed by adjoining property owners. For the reasons that follow, we affirm.
 {¶ 2} On April 15, 1983, appellees, Jerry L. and Alice F. Hamons, purchased portions of inlots 25 and 26 in the village of Delphi in Huron County, Ohio. Excluded *Page 2 
from appellees' purchase was the western 25.5 feet of inlot 25 and the eastern 100 feet of inlot 26. Added to the lot was a 66 x 13.53 foot strip in the northwest corner. When appellees moved in, the lot to the immediate east of appellees' property was owned by appellant, Naomi Caudill, or her son Timothy. At issue in this matter is the extension of the 13.53 foot strip across the remainder of appellees' property.
 {¶ 3} According to trial testimony by Tim Caudill, in 1993, when he was purchasing property to the east of his, he discovered that the narrow strip north of the two lots was held in the name of Carmi Ann Kelley, with no transfers recorded since 1881. Caudill had the land surveyed and asked appellee Jerry Hamons to share the cost in obtaining the land in a quiet title proceeding. Tim Caudill testified at trial that Jerry Hamons declined, saying, "* * * he wasn't going to pay for something he already owned."
 {¶ 4} In 2003, appellant obtained the property from her son by quit claim deed. In 2005, appellant brought a quiet title action, seeking to obtain ownership of the 13.53 foot strip to the north of both her property and that owned by appellees. The complaint named only, Carmi Ann Kelly, if living, and her unknown heirs as defendants. Service was obtained by publication.
 {¶ 5} On January 26, 2006, after receiving no response to her complaint, appellant moved for a default judgment. In an affidavit accompanying that motion, appellant averred that she or her predecessors in interest had occupied the property at issue exclusively and continuously for 21 years and that, "* * * no other party * * * has laid claim to the property or has conducted activities on the property." *Page 3 
 {¶ 6} Appellant obtained a default judgment on January 30, 2006. On February 8, 2006, appellant sent appellees a certified letter, demanding that they, "* * * remove the Bldg, trees, trash whatever off my land." Shortly thereafter, Tim Caudill began to erect a fence and ordered appellees off the land.
 {¶ 7} On May 19, 2006, appellees filed their own complaint, seeking title to the strip adjoining their property by adverse possession. Appellant was named defendant.
 {¶ 8} The matter proceeded to trial, following which the court found that appellees had proven adverse possession and were entitled to quiet title for the 13.53 foot strip on the north adjacent to their property. It entered judgment accordingly.
 {¶ 9} From this judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error:
 {¶ 10} "The trial court erred to the prejudice of the appellant by finding that the appellees demonstrated that they had exclusively possessed the property by clear and convincing evidence."
 {¶ 11} "Adverse possession is a common law device by which one in unauthorized possession of real property acquires legal title to that property from the titled owner. 1 Curry and Durham, Ohio Real Property and Practice (5th Ed. 1996) 276. To acquire by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years.' Grace v. Koch (1998), 81 Ohio St.3d 577,1998 Ohio 607, syllabus. A party who fails to prove any of the elements fails to acquire title through adverse possession. Id. at *Page 4 
579; Pennsylvania Rd. Co. v. Donovan (1924), 111 Ohio St. 341, 349-350."Houck v. Huron Cty. Bd. of Park Commrs., 6th Dist. No. H-05-018,2006-Ohio-2488, ¶ 12, affirmed 116 Ohio St.3d 148, 2007-Ohio-5586.
 {¶ 12} At trial, both appellees testified that, when they first purchased their property in 1983, they placed an out-building, a storage shed, on the 13.53 foot strip. Alice Hamons identified pictures of the land taken in 1983, showing the shed in place. Jerry Hamons testified that, at the same time, they placed clothesline posts in the strip. Both appellees testified that they had maintained the strip as part of their backyard since 1983. On this evidence, the trial court found that appellees, "* * * used the land as their own and as part of their backyard since 1983."
 {¶ 13} In her single assignment of error, appellant insists that appellees failed to prove by clear and convincing evidence that they had exclusive possession of the strip during the requisite 21 year period. Appellant points to Tim Caudill's testimony that on a few occasions he mowed the grass on the strip and that he had always walked the strip without interference. Appellant directs our attention to our language inHouck, at ¶ 25, that ?`[exclusive' means `sole physical occupancy'" and argues that Tim Caudill's activities belie appellees' claim.
 {¶ 14} "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in *Page 5 
the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 15} "The possession necessary is that * * * shown by overt acts of an unequivocal character which clearly indicate an assertion of ownership of the premises to the exclusion of the rights of the real owner. Gill v. Fletcher (1906), 74 Ohio St 295. * * * Actions of the claimant referable to the ownership claimed are required in order to prove the essential element of actual possession in such cases, such as building on the premises or fencing them to define the limits of the claim and to warn the true owner of the necessity for him to take protective measures. Clark v. Potter [(1876), 32 Ohio St. 49, 62.]'"Suever v. Kinstle (Nov. 29, 1989), 3d Dist. No 1-88-24.
 {¶ 16} Notwithstanding that the building appellees placed on the disputed strip lacked a foundation, the fact that this structure remained unmoved for more than 21 years is an indicia of intended permanence which is evidence by which the trial court could have found an intent to exert ownership to the exclusion of the true owner. Additionally, the trial court could have found that Tim Caudill's testimony of unfettered travel across the strip was unreliable or that such travel constituted a use permitted by appellees. Permissive uses do not defeat the "exclusive" element of adverse possession. See 1 Curry and Durham, supra, at 281.
 {¶ 17} Consequently, we conclude that there was sufficient evidence by which the trial court could have found that appellees were entitled to quiet title to the disputed strip by virtue of adverse possession. Appellant's sole assignment of error is not well-taken. *Page 6 
 {¶ 18} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1